**FILED**

MAY 1 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DALONTE WRIGHT,
a minor, by his parent
Patricia Wright
223 50th Street, N.E.
Apartment # 12
Washington, D.C. 20019

       Plaintiffs

    v.

DISTRICT OF COLUMBIA,
A municipal corporation
ANTHONY WILLIAMS, MAYOR
Wilson Building
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

    and

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
CLIFFORD JANEY, SUPERINTENDENT
825 North Capitol Street, N.E.
Washington, D.C. 20002

    and

SERVICE OF PROCESS:
OFFICE OF ATTORNEY GENERAL
ROBERT SPAGNOLETTA, ESQUIRE
Wilson Building
1350 Pennsylvania Avenue, N.W., Suite 409
Washington, D.C. 20004

       Defendants.

CASE NUMBER: 1:05CV0990

JUDGE: RICHARD W. ROBERTS

DECK TYPE: ADMINISTRATIVE AGENCY REV.

DATE STAMP: 05/18/05

## COMPLAINT
(for injunctive and declaratory relief)

COME NOW plaintiffs Dalonte Wright and Patricia Wright by Attorney Roy

Carleton Howell and allege the following:

1

**PROCEDURAL POSTURE**

1.    This is an appeal of an April 22, 2005 Hearing Officer's Determination made pursuant to the *Individuals with Disabilities Education Act, 20 U.S.C. § 1400* concerning application of *Child Find 34 C.F.R. § 300.125* and *5 DCMR 3004.1* and payment of attorneys' fees to the prevailing plaintiffs.

**JURISDICTION**

2.    This Court has jurisdiction pursuant to the *Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 – 1461.*

3.    This Court has jurisdiction pursuant to the *Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794.*

4.    This Court has jurisdiction pursuant to *42 U.S.C § 1983 – Civil action for deprivation of rights.*

5.    This Court has jurisdiction pursuant to *28 U.S.C. § 1331 – Federal question.*

6.    Declaratory relief is authorized via *28 U.S.C. §§ 2201 and 2202.*

7.    This Court has jurisdiction pursuant to *28 U.S.C § 1361 – Action to compel an officer of the United States to perform his duty.*  Inasmuch as defendants receive federal funds pursuant to the *IDEA*, they are subject to *28 U.S.C. § 1361.*

8.    This Court has pendent jurisdiction pursuant to *Child Find, 34 C.F.R. § 300.125* and *5 D.C. Mun. Regs. § 3004.1 (DCMR).*

**PARTIES**

9.    Dalonte Wright was born on October 1, 1994 and is the minor son of Patricia Wright with whom he resides in the District of Columbia.  Dalonte sued defendants

pursuant to *Child Find, 34 C.F.R. § 300.125* and *5 DCMR § 3004.1* and prevailed on the merits.

10.    Patricia Wright is a resident of the District of Columbia and adult parent of Dalonte Wright.  Patricia Wright brings this action on behalf of her son, Dalonte, and in her own right.

11.    The District of Columbia is a municipal corporation that receives federal financial assistance and is required to comply with applicable regulations and statutes of the *IDEA* and *Section 504.*

12    Anthony Williams is the Mayor of the District of Columbia and as such is responsible for ensuring that all federal and District laws and regulations are followed, and that all disabled children in the District of Columbia receive a Free and Appropriate Public Education *(FAPE)* with their rights to equal protection and due process of law.

13.    Dr. Clifford B. Janey is the Superintendent of the District of Columbia Public Schools (DCPS), and as such is responsible for ensuring that all disabled children in the District of Columbia receive a *FAPE* with their rights to equal protection and due process of law.

14.    Robert Spagnoletti is the Attorney General for the District of Columbia, and was duly served with this cause of action.

15.    DCPS is the municipal agency charged with providing a *FAPE* to all disabled children in the District of Columbia.

**FACTUAL ALLEGATIONS**

16.    During Dalonte's entire academic career he has been a student at DCPS, and is currently enrolled for the 2004 – 2005 academic year at Aiton Elementary School.

3

17.   As early as kindergarten 1999 a DCPS teacher documented the disabilities and problems of Dalonte.

18.   Next, a DCPS teacher failed Dalonte in June 2001 for first grade, and documented evidence of attention deficit hyperactive disorder.

19.   Subsequently another DCPS teacher failed Dalonte for third grade, and documented many problems concerning the child.

20.   Moreover, numerous Stanford Tests revealed Dalonte as substantially behind academically.

21.   Furthermore, DCPS records revealed numerous fights, conflicts with staff and teachers, disruptions in school and inappropriate behaviors.

22.   Although the mother of Dalonte made efforts to secure help for Dalonte through DCPS, she did not succeed.

23.   Therefore, on February 1, 2005 plaintiffs' filed a *REQUEST FOR HEARING* at the DCPS Hearing Office pursuant to *Child Find, 34 C.F.R. § 300.125,* and *5 DCMR 30004.1.*

24.   The Hearing was held on March 9, 2005, and plaintiffs have now prevailed on their case per *Child Find,* but have been denied attorneys' fees by the Hearing Officer on April 22, 2005.

25.   The Hearing Officer *sua sponte* inquired into the fee arrangement between counsel and plaintiffs during the Hearing in violation of the attorney-client privilege. The Hearing Officer wrongfully sought a compromise where plaintiffs would waive attorneys' fees in exchange for favorable resolution of an alleged conflict of interest issue.

26.   Plaintiffs did not waive their right to attorney' fees and therefore all parties

4

were required to file legal briefs on the question of alleged conflict of interest by plaintiffs' counsel pursuant to a March 24, 2005 Hearing Officer's Determination.

27.    Plaintiffs prevailed on the conflict of interest issue before the Hearing Officer on March 31, 2005, and the Hearing Officer then denied plaintiffs' attorneys' fees on April 22, 2005 in violation of law.

**COUNT I**

28.    Plaintiffs repeat and re-allege paragraphs 1 – 25 of this Complaint.

29.    The Hearing officer's *sua sponte* inquiry into the fee arrangements between counsel and plaintiffs was a violation of attorney-client privilege pursuant to *United States v. Network Software Associates, et al., 217 F.R.D. 240, 244 (D.C.C. 2003).*

30.    Fee arrangements for services are protected confidential communications between counsel and plaintiff. *In re Grand Jury Proceeding, 5 F.Supp. 2d 21, 30 (D.D.C. 1998).* Therefore, where a Hearing Officer *sua sponte* inquired into fee arrangements between counsel and plaintiff as an illogical justification to resolve a totally different unrelated matter, this inquiry was a clear violation of the attorney-client privilege.

31.    Plaintiffs prevailed on the merits and the Hearing Officer refused to grant attorneys' fees in violation of law.

32.    Where plaintiffs prevail on the merits and the child realizes benefit via *IDEA,* as a matter of law the prevailing party is awarded fees. *Joiner v. District of Columbia, 16 EHLR 424, 425 (D.D.C. January 17, 1990).*

33.    WHEREFORE, plaintiffs demand judgment against defendants in the amount of $4,000.00 attorneys' fees for the Administrative Hearing at DCPS' Hearing Office.

## COUNT II

34.    Plaintiffs repeat and re-allege paragraphs 1 -25 of this Complaint.

35.    Plaintiffs did not waive the right to fees, and therefore the Hearing Officer required briefs from the parties on the conflict of interest issue.

36.    The Hearing transcript is clear that plaintiffs' counsel did not waive the right to attorneys' fees, and in turn the Hearing Officer required the parties to file legal briefs on the conflict of interest issue.

37.    Subsequently, on March 31, 2005 plaintiffs prevailed on the conflict of interest issue, and plaintiffs have now also prevailed on *IDEA*.

38.    Plaintiffs prevailed on the merits and the Hearing Officer refused to grant attorneys' fees in violation of law.

39.    Where plaintiffs prevail on the merits and the child realizes benefit via *IDEA*, as a matter of law the prevailing party is awarded fees. *Joiner v. District of Columbia, 16 EHLR 424, 425 (D.D.C. January 17, 1990)*, and see *George Roher et al., No. 89-3258 U.S. Court of Appeals (D.C. Circuit: February 7, 1997)*.

40.    WHEREFORE, plaintiffs demand judgment against defendants in the amount of $4,000.00 for the attorneys' fees for the administrative Hearing at DCPS' Hearing Office.

## COUNT III

41.    Plaintiffs repeat and re-allege paragraphs 1 – 25 of this Complaint.

42.    The Hearing Officer erroneously held that plaintiffs' counsel filed a *REQUEST FOR MEDIATION*. The record is clear that counsel filed a *REQUEST FOR HEARING*. By asserting that counsel filed a *REQUEST FOR MEDIATION* the

6

Hearing Officer is justifying denial of fees based on the fact that attorneys can not receive compensation for mediation meetings.

43.    The actual petition filed by plaintiffs' counsel clearly documents that a *REQUEST FOR HEARING* was filed, therefore the Hearing Officer's determinations are all "flat out wrong."

44.    Plaintiffs prevailed on the merits and the Hearing Officer refused to grant attorneys' fees in violation of law

45.    Where plaintiffs prevail on the merits at a DCPS *HEARING*, as a matter of law the prevailing party is awarded fees. *20 U.S.C. § 1415 (i) (3) (B)*, and see *George Roher, et al., No 89-3258 U.S. Court of Appeals (D.C. Circuit: February 7, 1997).*

46.    WHEREFORE, plaintiffs demand judgment against defendants in the amount of $4,000.00 for the attorneys' fees for the administrative Hearing at DCPS Hearing Office.

## COUNT IV

47.    Plaintiffs repeat and re-allege paragraphs 1 – 46 of this Complaint.

48.    Plaintiffs' have a legal right to attorneys' fees for this litigation *sub judice* in Federal District Court pursuant to *IDEA, 20 U.S.C. § 1415 (i) (3) (B). Joiner v. District of Columbia, 16 EHLR 424, 425 (D.D.C. January 17, 1990),* and *George Roher, et al., No. 89-3258 U.S. Court of Appeals. District of Columbia Circuit (February 7, 1997).*

49.    The amount of attorneys' fees for this cause of action in Federal Court, *sub judice,* will be resolved after a ruling on the merits by this Honorable Court.

7

## REMEDY

WHEREFORE, plaintiffs respectfully request that this Court:

1.    Issue judgment for plaintiffs and against defendants;

2.    Issue appropriate injunctive relief requiring defendants to pay plaintiffs' $4,000.00 in attorneys' fees for the administrative Hearing.

3.    Issue a Finding that the Hearing Officer erroneously denied attorneys' fees to plaintiffs for the administrative Hearing.

4.    Award plaintiffs attorneys' fees and the costs of this action for litigation before this Honorable Federal Court.

5.    Award any other relief the Court deems just.

Respectfully submitted,

Roy Carleton Howell (415142)
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 – home