IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALONTE WRIGHT, *et al.*,

    Plaintiffs,

v.   Civil Action No. **1:05CV0990 (RWR)**

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to F.R. Civ P. Rule 56(a) and LCvR 56.1, the plaintiffs hereby submit the following Statement of Material Facts as to which there is no genuine issue:

(1) Plaintiff Dalonte Wright, whose birth is October 1, 1994, is the minor child of plaintiff Patricia Wright (his mother), and is a resident of the District of Columbia.

(2) On February 1, 2005 plaintiffs filed a **REQUEST FOR HEARING** before the Student Hearing Office of the District of Columbia Public Schools (see EXHIBIT 1, at p. 1).

(3) Plaintiffs' **REQUEST FOR HEARING** asserted that defendants violated *34 C.F.R. §300.125 CHILD FIND* and thus denied the child **FAPE** pursuant to *Individuals with Disabilities Education Act, 20 U.S.C. § 1400* (see EXHIBIT 1, at page 3 and the attached augmentation pages).

1

(4)   For the school year 2004 through 2005 the child attended Aiton Elementary School (see EXHIBIT 1, at page 1).

(5)   On March 9, 2005 the first Hearing was held and the Hearing Officer erroneously characterized the matter as a **REQUEST FOR MEDIATION** to justify denial of attorney's fee (see EXHIBIT 2, at page 2, Statement of the Case, ¶ 1).

(6)   Plaintiffs clearly made a **REQUEST FOR HEARING**, and the actual petition filed in the Hearing Office is appropriately checked as a **REQUEST FOR HEARING** (see EXHIBIT 1, at page 1).

(7)   Plaintiffs filed a motion on April 16, 2005 to correct the record that a **REQUEST FOR HEARING** was duly filed (see EXHIBIT 3, page 1 ¶ 2), and the Hearing Officer erroneously maintained that counsel filed a **REQUEST FOR MEDIATION** (see EXHIBIT 6, at page 1, Statement of the Case, ¶ 1).

(8)   Defendants made an oral motion to dismiss plaintiffs **REQUEST FOR HEARING** based on counsel's conflict of interest (see EXHIBIT 5, *In the Matter of: Dalonte Wright, March 9, 2005 Hearing Transcript* at pages 15 – 29).

(9)   The Hearing Officer required briefs from the parties on the question of conflict of interest (see EXHIBIT 5, *In the Mater of: Dalonte Wright, March 9, 2005 Hearing Transcript* at pages 28, and 45. Also, see EXHIBIT 2, page 2, ¶¶ 1 and 2.

(10)   The Hearing Officer ruled that there was no conflict of interest on behalf on counsel herein (see EXHIBIT 4, pages 1 – 2).

(11)    The Hearing Officer erroneously asserted that counsel waived his fees (see EXHIBIT 2, page 1, Statement of the Case, ¶ 15).

(12)    The record illustrates that counsel did not waive his fee (see EXHIBIT 5, *In the Matter of: Dalonte Wright, March 9, 2005 Hearing Transcript* at page 33 – 46).

(13)    The record illustrates that the Hearing Officer *sua sponte* requested counsel to waive fees in exchange for immediate resolution of conflict of interest issue in his favor (see EXHIBIT 5, *In the Matter of: Dalonte Wright, March 9, 2005 Hearing Transcript* at page 33).

(14)    Although counsel wanted the best interests of the child, in the end counsel did not waive his fee and the Hearing Officer required briefs to be filed by the parties on the issue of conflict of interest (see EXHIBIT 5, *In the Matter of: Dalonte Wright, March 9, 2005 Hearing Transcript* at pages 33 – 50.

(15)    The purpose of the briefs on conflict of interest were to determine if counsel could receive compensation for prevailing on the legal theory of *CHILD FIND*, *34 C.F.R. § 300.125* and see *5 DCMR 3004.1* (see, EXHIBIT 3, pages 1 – 4), not to come back to the Hearing Officer on some unknown future cause of action and request future fees.

(16)    The Hearing Officer's *sua sponte* inquiry into the fee arrangements between counsel and plaintiff was a violation of attorney-client privilege (see, EXHIBIT 5, *In the Matter of Dalonte Wright, March 9, 2005 Hearing Transcript* at page 33). **United States v. Network Software Associates, et al., 217 F.R.D 240, 244 (2003).**

WHEREFORE, the plaintiffs' motion for summary judgment must be granted as a matter of fact and law.

Respectfully submitted,

*/s/ Roy Carleton Howell*
Roy Carleton Howell (415142)
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 – home

## CERTIFICATE OF SERVICE

I, Roy Carleton Howell, do hereby certify that a copy of this statement of material facts as to which there is no genuine issue was served on 8th June 2005 by electronic filing upon Eden L. Miller, esquire of the District of Columbia at eden.miller@dc.gov

Moreover, due to the length of the Exhibits a courtesy copy was mailed via first class mail to Eden L. Miller, esquire of the District of Columbia Attorney General's Office, 441 Fourth Street, N.W., Suite 6514, Washington, D.C. 20001 on 8th June 2005.

*/s/ Roy Carleton Howell*
Roy Carleton Howell