IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALONTE WRIGHT, *et al.*,

    Plaintiffs

v.    Civil Action No. **1:05CV0990 (RWR)**

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

## PLAINITFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs file this memorandum on points and authorities in support their motion for summary judgment pursuant to LCvR 56.1, and LCv R7.1 (a).

**OUTLINE**

I.   TABLE OF CASES AND AUTHORITIES..................................................p.2

II.  THE HEARING OFFICER'S *SUA SPONTE* INQUIRY INTO THE FEE ARRANGEMENTS BETWEEN COUNSEL AND PLAINTIFF WAS A VIOLATION OF ATTORNEY-CLIENT PRIVILEGE PURSUANT TO *UNITED STATES V. NETWORK SOFTWARE ASSOCIATES, et al., 217 F.R.D. 240, 244 (D.D.C. 2003)*..............................................p.2

III. PLAINTIFFS' COUNSEL DID NOT WAIVE THE RIGHT TO FEES, AND THEREFORE THE HEARING OFFICER REQUIRED A BRIEF ON THE ISSUE OF CONFLICT OF INTEREST……………………………….......................p. 4

IV.  THE HEARING OFFICER ERRONEOUSLY HELD THAT COUNSEL FILED A *REQUEST FOR MEDIATION*. THE RECORD IS CLEAR THAT COUNSEL FILED A *REQUEST FOR HEARING*……………………………p. 7

V.   REMEDY………………………………………………………………………p. 7

VI.  CERTIFICATE OF SERVICE……………………………………………...p. 8

I.     TABLE OF CASES AND AUTHORITIES.

*United States v. Network Software Associates, et al., 217 F.R.D. 240, 244 (D.C.C. 2003).*

*In re Grand Jury Proceeding, 5 F.Supp.2d 21, 30 (D.D.C. 1998).*

*Overseas Private Inv. Corp., 1998 WL 647208 at *1.*

*In re Sealed Case, 737 F.2d 94, 98-99 (D.C.C. 1980).*

*Joiner v. District of Columbia, 16 EHLR 424, II. Attorneys' Fees (D.D.C. 1990).*

*Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415 (i) (3) (B).*

*Child Find, 34 C.F.R. § 300.125.*

*George Roher et al., No. 89-3258 U.S. Court of Appeals (D.C. Circuit: Feb. 7, 1997).*

II.    THE HEARING OFFICER'S *SUA SPONTE* INQUIRY INTO THE FEE ARRANGEMENTS BETWEEN COUNSEL AND PLAINTIFF WAS A VIOLATION OF ATTORNEY-CLIENT PRIVILEGE PURSUANT TO *UNITED STATES V. NETWORK SOFTWARE ASSOCIATES, et al., 217 F.R.D. 240, 244 (2003).*

At a March 9, 2005 Hearing in the *Matter of Dalonte Wright* (see, EXHIBIT 5, at page 33), the Hearing Officer *sua sponte* inquired into the fee arrangements between counsel and plaintiff and stated the following:

> HEARING OFFICER ST. CLAIR:    I'll tell you what we can do, Mr. Howell. We can go forward on the merits if you waive your claim to attorney's fees. We can go right forward and if you waive your claim to attorney's fees, we can go right forward on the merits.
>
> Otherwise, I will give you a chance to resolve this conflict interest, and then we'll go on the merits, because the conflict, as I see it, is only for attorney's fees. EXHIBIT 5, p. 33.

The Hearing Officer's *sua sponte* inquiry into the fee arrangements between counsel and plaintiff was a violation of the attorney-client privilege pursuant to *United States v. Network Software Associates, et al., 217 F.R.D. 240, 244 (2003)*. In *United States v. Network Software Associates, et al., supra,* that Court held, *inter-alia:*

> The attorney-client privilege "protect confidential communications made between clients and their attorneys when the communications are for the purposes of securing legal advice or services."

Here, *sub judice,* there were protected confidential communications between counsel and plaintiff in regard to services and fees. Therefore, when the Hearing Officer *sua sponte* inquired into the fee arrangements between counsel and plaintiff, this inquiry was a clear violation of the attorney-client privilege. Communications between counsel and plaintiff concerning fees are intended to be confidential pursuant to the attorney-client relationship. *In re Grand Jury Proceedings, 5 F.Supp.2d 21, 30 (D.D.C. 1998).*

> The privilege attaches to a client's communication with his or her attorney when the communication was made for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding. *Overseas Private Inv. Corp., 1998 WL 647208 at \*1 (quoting In re Sealed Case, 737 F.2d 94, 98-99 (D.C. Cir. 1980).*

At the March 9, 2005 Hearing the Hearing Officer knew he was invading into the attorney-client relationship because he paused the Hearing to afford consultation between counsel and plaintiff, *to wit:*

HEARING OFFICER ST. CLAIR:    . . . Do you want to talk with your client, first? Let me declare - - you understand what I'm saying.

MR. HOWELL:    I understand. I need a moment to think.

HEARING OFFICER ST. CLAIR:    Fine. I'm going to give you a chance to talk with your client. Maybe you want to talk with your client, but I want to

3

make sure you understand what I'm offering.

I'm saying this. EXHIBIT 5, p. 34.

The Hearing Officer had no legal authority to discuss fee issues in regard to the attorney-client privileged relationship on the record. The Hearing Officer had no legal authority to convene a meeting between counsel and plaintiff concerning attorney's fees. ***United States v. Network Software Associates, et al., supra at p. 244.*** If the question before the Hearing Officer was conflict of interest by counsel, the fee of counsel had no relationship to a question of conflict of interest. Hence, the Hearing Officer should have concerned himself with the legal question of conflict of interest only. Therefore, the Hearing Officer's inquiry into the fee arrangements between counsel and plaintiff were a violation of the attorney-client privileged relationship. Consequently, the Hearing Officer's determination to deny counsel fees must be set aside as a matter of law.

### III. PLAINTIFFS' COUNSEL DID NOT WAIVE THE RIGHT TO FEES, AND THEREFORE THE HEARING OFFICER REQUIRED A BRIEF ON THE ISSUE OF CONFLICT OF INTEREST.

The Hearing Officer *sua sponta* asserted that counsel could waive attorney's fees and the issue of conflict of interest would be resolved, alternatively could maintain the right to fees in which case briefs on the issue of conflict of interest would be required. This factual proposition is supported by the Hearing transcript, *to wit:*

HEARING OFFICER ST. CLAIR:    Mr. Howell, I have serious questions about conflict of interest here. I want to be frank with you.

MR. HOWELL:    I realize that, and I - -

HEARING OFFICER ST. CLAIR:    And I am not disposed at this point to

4

go forward on the merits without resolving this conflict.

> MR. HOWELL:    If you would be so kind, you said you were going to give me an opportunity to reply in the form of a memorandum of law.
>
> HEARING OFFICER ST. CLAIR:    I am. That's right. And what I am thinking about at this point is, before we go forward, giving you a chance, both parties, to brief this conflict of interest.
>
> What I want to do is to make sure the system is moving for Delonte.

EXHIBIT 5, p. 31.

The evidence from the Hearing transcript clearly illustrates that all parties agreed and intended to file legal briefs on the question of counsel's alleged conflict of interest, and counsel therefore did not waive fees. Indeed, the evidence from the transcript further reveals that the parties agreed to file briefs on the question of conflict of interest, and therefore counsel did not waive fees, *to wit:*

> HEARING OFFICER ST. CLAIR:    The 25th of March. The briefs are due by the 18th of March.
>
> MS. WHITMAN-RUSSELL:    And we are both going to initially brief our own issues.
>
> HEARING OFFICER ST. CLAIR:    Yes, on this conflict. Just the conflict issue. And I want you to be sure and cite the rules and attach it, the wording of the rules. EXHIBIT 5, p. 48.

The aforementioned language from the transcript illustrates that all parties were addressing the conflict of interest issue as a basis to deny counsel attorney's fees. After all it was the Hearing Officer who initially characterized the conflict of interest issue as

5

essentially a question of attorney's fees. As aforementioned the Hearing Officer stated the following on the record, *to wit:*

>HEARING OFFICER ST. CLAIR: I'll tell you what we can do, Mr. Howell. We can go forward on the merits if you waive your claim to attorney's fees. We can go right forward and if you waive your claim to attorney's fees, we can go right forward on the merits.
>
>Otherwise, I will give you a chance to resolve this conflict interest, and then we'll go on the merits, because the conflict, as I see it, is only for attorney's fees.
>
>MS. WHITMAN-RUSSELL: You are correct. EXHIBIT 5, p. 33.

Counsel did not waive fees, and filed legal briefs on the question of conflict of interest before the Hearing Officer. Next, the Hearing Officer ruled in favor of counsel that there was no conflict of interest in the case at bar. EXHIBIT 4, pp. 1 – 2. Although counsel prevailed on the issues, of evaluations and *Child Find 34 C.F.R. § 300.125* and favorable resolution of the conflict of interest allegations, nevertheless the Hearing Officer erroneously ruled that counsel waived fees. The record is clear that counsel did not waive fees. Therefore, where counsel prevails on the merits and the child realizes benefit via *IDEA, 20 U.S.C. § 1415 (i) (3) (B)* as a matter of law the prevailing party is awarded fees. *Joiner v. District of Columbia, 16 EHLR 424, 425 (II. Attorneys' Fees) (U.S. District Court, District of Columbia: January 17, 1990).* EXHIBIT 7, II. Attorneys' Fees. Consequently, defendants must pay attorney's fees to counsel in compliance with the D.C. Public Schools', Office of the General Counsel's Guideline for Payment of Attorney Fees in *IDEA* matters. EXHIBIT 8. These guidelines on attorney's fees for *IDEA* cases are available at www.k12.dc.us/dcps/offices/OGChome .

IV.   **THE HEARING OFFICER ERRONEOUSLY HELD THAT COUNSEL FILED A *REQUEST FOR MEDIATION*. THE RECORD IS CLEAR THAT COUNSEL FILED A *REQUEST FOR HEARING.***

Counsel clearly made a *REQUEST FOR HEARING,* and the actual petition filed in the Hearing Office is appropriately checked as a *REQUEST FOR HEARING.* EXHIBIT 1, p. 1. The Hearing Officer erroneously held that counsel's petition to the Hearing office was a *REQUEST FOR MEDITION.* EXHIBIT 2, p. 2, Statement of the case, ¶ 1. The Hearing Officer's erroneous characterization of counsel's petition for hearing as a request for mediation is a further attempt to justify denial of attorney's fees. Counsel for plaintiffs' filed a motion at the Hearing Office on April 16, 2005 to correct the record that indeed a *REQUEST FOR HEARING* was duly filed (see EXHIBIT 3, p. 1 ¶ 1), nevertheless the Hearing Officer erroneously maintained that counsel filed a *REQUEST FOR MEDIATION.* EXHIBIT 6, p. 1, Statement of the Case, ¶ 1. In conclusion counsel filed a *REQUEST FOR HEARING*, and must be compensated for attorney's fees as a matter of law. ***Joiner, et al., v. District of Columbia, 16 EHLR 424, 425 (U.S. District Court, District of Columbia: January 17, 1990).*** Also see attached ***George Roher et al., No. 89-3258 U.S. Court of Appeals, District of Columbia Circuit (February 7, 1997) p.*** 1, held where "parent's substantially prevailed" they could recover attorneys' fees. EXHIBIT 7 (B).

V.   **REMEDY.**

1)   This Honorable Court must find that the Hearing Officer erroneously denied counsel attorney's fees.

2)   This Honorable Court must Order defendants to pay counsel for attorney's

7

fees for the Administrative Hearing pursuant to DCPS Guidelines for Payment of Attorney Fees in *IDEA* Matters.

3) This Honorable Court must Order defendants to pay counsel for attorneys' fees for this federal litigation pursuant to *IDEA, 1415 (i) (3) (B)*.

Respectfully submitted,

*/s/ Roy Carleton Howell*
Roy Carleton Howell (415142)
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 – home

## VI.    CERTIFICATE OF SERVICE.

I, Roy Carleton Howell, do hereby certify that a copy of this memorandum in support of motion for summary judgment was served on 8th June 2005 by electronic filing upon Eden L. Miller, esquire of the District of Columbia at eden.miller@dc.gov

Moreover, due to the length of the Exhibits a courtesy copy was mailed via first class mail to Eden L. Miller, esquire of the District of Columbia Attorney General's Office, 441 Fourth Street, N.W., Suite 6514, Washington, D.C. 20001 on 8th June 2005.

*/s/ Roy Carleton Howell*
Roy Carleton Howell (415142)
