# District of Columbia Public Schools

*State Enforcement & Investigation Division*

### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | |
| ) | **IMPARTIAL** |
| **DALONTE WRIGHT**, student ) | **DUE PROCESS HEARING** |
| Date of Birth: October 1, 1994 ) | |
| Petitioner, ) | **INTERIM ORDER** |
| ) | |
| versus ) | Request Date: February 1, 2005 |
| ) | Hearing Date:   March 9, 2005 |
| The District of Columbia Public Schools, ) | |
| Home School: Aiton Elementarty School, ) | |
| Attending: Aiton Elementary School, ) | |
| ) | Held at: 825 North Capitol Street, NE |
| Respondent. ) | Eighth Floor, Hearing Room 4 |
| ) | Washington, D.C. 20002 |

Parent:                              Patricia Wright
                                     223 50th Street, NE
                                     Washington, D.C. 200

Counsel for the Parent/Student:      Roy Carlton Howell, Esq.
                                     8003 Parkside Lane NW
                                     Washington, D.C. 20012

District of Columbia Public Schools: Donna Whitman Russell, Esq., Attorney-Advisor
                                     **Office of the General Counsel, DCPS**
                                     825 North Capitol Street, NE  9th Floor
                                     Washington, D.C. 20002

[stamps: STUDENT HEARING 2005 APR 24 PM 12:12; STUDENT HEARING 2005 MAR 24 PM 1:04]

## JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On February 1, 2005, Counsel for the Parent filed the herein Request for Mediation/Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of Aiton Elementary School, DCPS, to "find" the student or a violation of 34 CFR 300.125.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 9:00 A.M., Wednesday, March 9, 2005 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

By facsimile dated March 2, 2005, DCPS disclosed 10 witnesses and 4 documents.

By facsimiles dated February 22nd, 23rd, and March 23, 2005, the parent disclosed 3 witnesses and 10 documents.

Counsel for the Parent objected to a DCPS disclosure dated March 3, 2005 as a violation of the 5-day Disclosure Rule.

The hearing officer took the objection under advisement; as explained below the objection was mooted.

The documents were placed into the record and are referenced/footnoted below where relevant.

As a preliminary matter, the Attorney-Advisor pointed out that DCPS had employed Counsel for the Parent as a substitute-teacher at Aiton Elementary School on May 13, 2004 and January 12 and 13, 2005 and represented that Counsel for the Parent was in violation of the District of Columbia Rules of Professional Conduct, DCPS Documents Nos 1 and 2.

DCPS moved for a DISMISSAL; as explained below the Motion was mooted.

Counsel for the Parent represented that he had not taught the student herein thought he did substitute teach at Aiton Elementary School; he requested an opportunity to brief the issue.

The hearing officer informed the parties that the conflict of interest issue had to be resolved before the hearing could proceed to the merit.

The Attorney-Advisor stated that DCPS was prepared to convene an MDT/SEP meeting.

The hearing officer noted that redress for a violation of 34 CFR 300.125 was compensatory education provided the student was eventually determined eligible for special education services.

A recess was declared.

When the hearing reconvened, Counsel for the Parent accepted the MDT/SEP and waived attorney's fee.

In consideration of the foregoing, the hearing officer made the following

## INTERIM ORDER

1. Except as to the issue of conflict of interest, this matter was noted as SETTLED without a prevailing party.

2. On the herein issue of conflict of interest, the parties are to file briefs by the close of business Friday, March 18, 2005[1]; replies, if any, are due by the close of business Friday, March 25, 2005[2].

3. Issues as to compensatory education are reserved to the parties, respectively.

This is an **INTERIM ADMINISTRATIVE ORDER.**

_____ Date: MARCH 24, 2005
H. St. Clair, Esq., Hearing Officer

Issued: 3/24/05
Student Hearing Office, DCPS

2 of 2 pages

---

[1] The brief for the Parent was received March 13, 2005; the brief for DCPS was received March 18, 2005.
[2] A reply to the DCPS brief was received March 23, 2005.