EXHIBIT 3

BEFORE THE SPECIAL EDUCATION STUDENT HEARING OFFICE
DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In The Matter Of **DALONTE WRIGHT**          Hearing Held: **3/9/2005**
DATE OF BIRTH: **10/1/94**                   Hearing Time: **9:00 am**

### PETITIONER'S MOTION TO REOPEN THE RECORD WITHIN 15 DAYS PER ORDER

Comes Ms. Patricia Wright the mother of Dalonte Wright through Attorney Roy Carleton Howell, LL.M. and moves to reopen the record.

**CORRECTION AS TO THE RECORD:**
Counsel respectfully brings to the attention of the Hearing Officer an important correction as to **STATEMENT OF THE CASE** located at page 2 of the March 31st, 2005 **DECISION AND ORDER.** The HOD stated that the parents filed a Request for Mediation. The parents as Petitioners herein filed a Request for Hearing. This is important because Petitioner's counsel can receive attorney's fees for litigation of a Request for Hearing.

**JUDICIAL NOTICE OF *CARTWRIGHT V. DISTRICT OF COLUMBIA, 267 F.Supp2d. 83 (D.D.C. 2003)* AS TO "CHILD FIND", 34 C.F.R. §300.125 & 5 DCMR 3004.1:**
In regard to a hearing officer's interpretation of "CHILD FIND", *Cartwright v. District of Columbia, 267 F.Supp2d 83, 87 (D.D.C. 2003)* stated that a reviewing federal Court will do the following:

> The Court will not allow the hearing officer's interpretation . . .
> to replace the unambiguous intent apparent by the plain meaning
> of the text comprising the regulation.

The plain meaning of "CHILD FIND" at *5 DCMR 3004.1* is that DCPS had an obligation to refer the child for evaluation and assessment once said student is observed as needing special education services. The cogent language of *5 DCMR 3004.1* states,

1

*inter-alia:*

>   (a) A child with a suspected disability who may need special education and is at least two years, eight months of age and less than twenty-two years of age, shall be referred, in writing, to an IEP team.
>
>   (b) A referral, which shall state why it is thought that the child may have a disability may be made by the following:
>   **(1) A child's parent . . .**
>
>   **(3) A professional staff employee of the LEA; or**
>
>   **(4) A staff member of a public agency who has direct knowledge of the child.**

The *PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY JUDGMENT* cited the cogent EXHIBITS to substantiate that DCPS had an obligation to refer the child for evaluations and assessments pursuant to *34 C.F.R. § 300.125, et seq.*, and *5 DCMR 3004.1*, insofar as DCPS knew the child needed special educational services. The documentary evidence *per se* proves that DCPS staff had direct knowledge of the child and knew he had special education needs for years[1], thus violating "CHILD FIND" for failure to act.

>   Systematic or unreasonable delays in the implementation of
>   IEPs violate IDEA. *Zearley v. Ackerman, 116 F.Supp2d 109,*
>   *113 (D.D.C. 2000).*

Moreover, the documentary evidence *per se* substantiates that professional staff of the LEA should have referred this child for an IEP years ago, and failed to act in violation of "CHILD FIND" regulations.

The mother of the child, Petitioner Ms. Wright, was present at the Hearing and **very** ready and eager to testify to the following:

---

[1] Pursuant to *Zearley v. Ackerman, 116 F.Supp.2d 109, 113 (D.D.C. 2000)*, the Court ruled that timing is crucial in IDEA cases relative to DCPS' compliance with IDEA. The Court held that "systematic or unreasonable delays in the implementation of IEP's violate IDEA."

2

(1) That Petitioner for years had made requests to DCPS to get special education services for her child, and never got any response.

(2) That Petitioner hired a lawyer after years of frustration of trying to get DCPS to provide her child with needed special education services.

(3) That Petitioner **never** received any communications, letters or telephone calls from DCPS until after she hired a lawyer and sued DCPS.

The transcript will reflect that Petitioner was not allowed to place the aforementioned testimony in the record.[2] Indeed, there was also a parental referral to DCPS for "CHILD FIND" pursuant to *5 DCMR 3004.1 (a) (b) (1)*. Hence, DCPS violated the plain meaning of "CHILD FIND", *Cartwright v. District of Columbia, 267 F.Supp.2d 83, 87 (D.D.C. 2003)*. Thus, a finding of a "CHILD FIND" violation must be made by the Hearing Officer as a matter of law.

### ATTORNEY'S FEES:
Counsel did **not** waive attorney's fees. The Hearing Officer paused the Hearing, and asked counsel and his client Ms. Wright to discuss the case. When we went back on the record, counsel made it very clear that there was **no** waiver of attorney's fees. Next, counsel made it very clear that he would challenge DCPS on the issue of "conflict of interest.

Counsel moves for the Hearing Officer to correct the record on attorney's fees. The **complete** transcript[3] will prove that counsel **never** waived attorney's fees. (*See, PETITIONER'S MOTION TO CORRECT THE RECORD AS TO ATTORNEY'S FEES*).

---

[2] At one point Petitioner was so anxious to testify that she attempted to make a statement, and the Hearing Officer *sui sponta* Ordered Petitioner not to address the tribunal.
[3] An official copy of the transcript has been ordered pursuant to the administrative rules of discovery.

3

**PRAYER FOR REMEDY:**

   **WHEREFORE,** petitioner moves that an Order grant the following remedies:

(1) That DCPS has violated the "CHILD FIND" regulations.

(2) The petitioner's counsel will be awarded attorney's fees.

Respectfully submitted,

_____
Roy Carleton Howell, LL.M.
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 – home
(202) 545-0525 – fax

**CERTIFICATE OF FILING:**

   I, Roy Carleton Howell do affirm on this 5th day of April 2005, that a copy of this Pleading was filed with the DCPS Hearing Office pursuant to law in a timely fashion.

_____
Roy Carleton Howell

**CERTIFICATE OF SERVICE:**

   I, Roy Carleton Howell do affirm on this 5th day of April 2005, that a copy of this Pleading was served via fax upon the DCPS Office Of General Counsel (D. Russell, Esquire).

_____
Roy Carleton Howell

4