# District of Columbia Public Schools

## State Enforcement & Investigation Division

### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| In the Matter of ) | |
| ) | **IMPARTIAL** |
| **DALONTE WRIGHT**, student ) | **DUE PROCESS HEARING** |
| Date of Birth: October 1, 1994 ) | |
| Petitioner, ) | **DECISION and ORDER** |
| ) | |
| versus ) | Request Date: February 1, 2005 |
| ) | Hearing Date: March 9, 2005 |
| The District of Columbia Public Schools, ) | |
| Home School: Aiton Elementarty School, ) | |
| Attending: Aiton Elementary School, ) | |
| ) | Held at: 825 North Capitol Street, NE |
| Respondent. ) | Eighth Floor, Hearing Room 4 |
| ) | Washington, D.C. 20002 |

**Parent:** Patricia Wright
223 50th Street, NE
Washington, D.C. 200

**Counsel for the Parent/Student:** Roy Carlton Howell, Esq.
8003 Parkside Lane NW
Washington, D.C. 20012

**District of Columbia Public Schools:** Donna Whitman Russell, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE 9th Floor
Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

i

## INDEX of NAMES for Dalonte Wright

Hearing Date: March 9, 2005

Appearing on behalf of DCPS: None.

Appearing on behalf of the parent/student:

1. Patricia Wright, mother
2. Dalonte Wright, student

No testimony was received.

ii

## JURISDICTION

The hearing convened under Public Law 105-17, The Individuals with Disabilities Education Act Amendments of 1997, 20 United States Code 1400 et. seq.; Title 34 of the Code of Federal Regulations, Part 300 and Title V of the District of Columbia Municipal Regulations.

## STATEMENT of the CASE

On February 1, 2005, Counsel for the Parent filed the herein Request for Mediation/Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) denied a Free Appropriate Public Education (FAPE) to the student. Specifically, Counsel for the Parent complained of failure on the part of Aiton Elementary School, DCPS, to "find" the student or a violation of 34 CFR 300.125.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 9:00 A.M., Wednesday, March 9, 2005 at DCPS Headquarters, 825 North Capitol Street, NE, 8th Floor, Washington, D.C. 20002. The hearing convened as scheduled.

The Attorney-Advisor pointed out that DCPS had employed Counsel for the Parent as a substitute-teacher at Aiton Elementary School on May 13, 2004 and January 12 and 13, 2005 and represented that Counsel for the Parent was in violation of the District of Columbia Rules of Professional Conduct, DCPS Documents Nos 1 and 2.

An INTERIM ORDER was issued in this matter March 24, 2005 as is incorporated herein by reference. The ORDER called for briefs on the conflict of interest issue. Briefs were received timely.

Evidence on the conflict of interest issue was not received at the hearing. Still, from the documents and briefs, the hearing officer found the following facts that can be supplemented by timely requests from either party to reopen the record.

> While a substitute teacher at Aiton Elementary School, Counsel
> for the Parent never taught the student herein nor accessed DCPS
> confidential records on the student.

Did Counsel for the Parent violate D.C. Bar Appx. A, Rule 1.11 (2004)? The hearing officer, on the above stated facts, concluded, No.

The Rule prohibits lawyers after leaving government employment from accepting employment on the same or substantially related matter on which they participated personally and substantially while employed by that governmental agency as a public officer or employee.

The hearing officer was persuaded that the Rule covered substitute teaching as Counsel for the Parent was on occasion employed by DCPS to perform at Aiton Elementary School, DCPS, but was not persuaded, as the Rule also requires, that while so employed Counsel for the Parent participated personally in the same matter as the gravamen of the herein Request for Mediation/Hearing, the education of the herein student or accessing the student's DCPS confidential records.

The hearing officer was not persuaded that Counsel for Parent's herein

representation was a violation of D.C. Bar Appx. A, Rule 1.11 (2004).

As Counsel for the Parent never work for the District of Columbia or DCPS as a lawyer, D.C. Bar Appx. A, Rule 1.7 was inapplicable.

In consideration of the foregoing, the hearing officer made the following

## ORDER

With PREJUDICE, the herein allegations of violation of D.C. Bar Appx. A, Rules 1.7 & 1.11 are DISMISSED.

Parties may file to reopen the record in this matter within 15 days hereof.

Provided a Motion to Reopen the Record herein is not filed within 15 days hereof, this is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of competent jurisdiction within thirty (30) days of the FINALITY this decision.

_____ Date: MARCH 31, 2005
H. St. Clair, Esq., Hearing Officer

Issued: 3-31-05
Student Hearing Office, DCPS

2 of 2 pages