UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICIA WRIGHT, <br> Parent and Next Friend of D.W.,[1] <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA,[2] <br> A municipal corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-0990 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant District of Columbia, by and through counsel, answers Plaintiff's Complaint in like-numbered paragraphs, as follows:

**Procedural Posture**

1. Defendant admits the allegations in Paragraph 1 to the extent that this is an appeal of an April 22, 2005, Hearing Officer's Determination, concerning the payment of attorneys' fees. The remaining allegations in Paragraph 1 are conclusions of law and/or of the pleader and do not require a response. If a response is required, then the same allegations are denied.

---

[1] The minor will be referred to as D.W, pursuant to LCvR 5.4(f)(2). Further, as D.W. is a minor, he cannot bring suit. Thus, his mother is the only properly named plaintiff.

[2] The District of Columbia is the only properly named defendant. Both Anthony Williams and District of Columbia Public Schools Superintendent Clifford Janey have been sued in their official capacity only; thus, Plaintiff in effect has sued the District of Columbia.

**Jurisdiction**

2. Defendant admits that this Court has jurisdiction pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, *et seq.*, as asserted in Paragraph 2.

3. Defendant admits the existence of the cited statute in Paragraph 3, but denies that this Court has jurisdiction thereunder.

4. Defendant admits the existence of the cited statute in Paragraph 4, but denies that this Court has jurisdiction thereunder.

5. Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, as asserted in Paragraph 5.

6. Defendant admits that declaratory relief is authorized via 28 U.S.C. § 2201 and 2202, as asserted in Paragraph 6.

7. Defendant admits the existence of the cited statute in Paragraph 7, but denies that this Court has jurisdiction thereunder.

8. Defendant admits the existence of the cited regulations in Paragraph 8, but denies that this Court has jurisdiction thereunder.

**Parties**

9. Defendant admits only that D.W. was born in 1994[3] and is the minor son of Patricia Wright, with whom he resides in the District of Columbia. The remaining allegations in Paragraph 9 are denied.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

---

[3] LCvR 5.4(f)(3) states that, "If an individual's date of birth must be included in a pleading, only the year should be used."

2

12. Defendant admits that Anthony Williams is the Mayor of the District of Columbia and charged with the responsibilities of that office. The remaining allegations in Paragraph 12 are conclusions of law and/or of the pleader to which no response is required. If a response is required, the Defendant denies these same allegations.

13. Defendant admits that Dr. Clifford B. Janey is the Superintendent of the District of Columbia Public Schools (DCPS) and charged with the responsibilities of that office. The remaining allegations in Paragraph 13 are conclusions of law and/or of the pleader to which no response is required. If a response is required, the Defendant denies these same allegations.

14. Defendant admits the allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15.

**Factual Allegations**

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits that as early as kindergarten 1999 a DCPS teacher documented problems of D.W. The remaining allegations in Paragraph 17 are conclusions of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

18. Defendant admits that a DCPS teacher failed D.W. in June 2001 for first grade. The remaining allegations in Paragraph 18 are conclusions of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

3

21. Defendant admits the allegations in Paragraph 21, except for Plaintiffs' use of the word "numerous." This characterization is a conclusion of the pleader to which no response is required. If a response is required, then Defendant denies this same allegation.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant admits the allegations in Paragraph 23 only to the extent that Plaintiffs filed a Hearing Request on February 1, 2005.

24. Defendant admits that the hearing was held on March 9, 2005, but Defendant denies all remaining allegations in Paragraph 24.

25. The Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant admits that the Hearing Officer resolved the conflict of interest allegation in Plaintiff's favor, but Defendant denies the remaining allegations in Paragraph 27.

## Count I

28. Defendant incorporates as though restated each of the answers stated in paragraphs 1 – 25 above.

29. The allegations in Paragraph 29 are conclusions of law and of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

30. The allegations in Paragraph 30 are conclusions of law and of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

31.  The allegations in Paragraph 31 are conclusions of law and of the pleader to which no response is required.  If a response is required, then Defendant denies these same allegations.

32.  The allegations in Paragraph 32 are conclusions of law and of the pleader to which no response is required.  If a response is required, then Defendant denies these same allegations.

33.  The statement in Paragraph 33 is a request for relief by the Plaintiff that requires no response.  If a response is required, then Defendant denies this same statement.

### Count II

34.  Defendant incorporates as though restated each of the answers stated in paragraphs 1 – 25 above.

35.  Defendant denies the allegations in paragraph 35.

36.  Defendant denies the allegations in paragraph 36.

37.  Regarding the conflict of interest, Defendant states that the Hearing Officer's Determination, dated March 31, 2005, speaks for itself, and thus, no response is required to Plaintiff's paraphrasing of that decision.  The remaining allegations in Paragraph 37 are conclusions of law and of the pleader to which no response is required.  If a response is required, then Defendant denies the remaining allegations in this same paragraph.

38.  The allegations in Paragraph 38 are conclusions of law and of the pleader to which no response is required.  If a response is required, then Defendant denies these same allegations.

39. The allegations in Paragraph 39 are conclusions of law to which no response is required. If a response is required, then Defendant denies these same allegations.

40. The statement in Paragraph 40 is a request for relief by the Plaintiff that requires no response. If a response is required, then Defendant denies this same statement.

## Count III

41. Defendant incorporates as though restated each of the answers stated in paragraphs 1 – 25 above.

42. The allegations in Paragraph 42 are conclusions of law and of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

43. The allegations in Paragraph 43 are conclusions of law and of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

44. The allegations in Paragraph 44 are conclusions of law and of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

45. The allegations in Paragraph 45 are conclusions of law and of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

46. The statement in Paragraph 46 is a request for relief by the Plaintiff that requires no response. If a response is required, then Defendant denies this same statement.

## Count IV

47. Defendant incorporates as though restated each of the answers stated in paragraphs 1 – 46 above.

48. The allegations in Paragraph 48 are conclusions of law and of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

49. The allegations in Paragraph 49 are conclusions of law and of the pleader to which no response is required. If a response is required, then Defendant denies these same allegations.

## Remedy

Defendant states that Paragraphs 1 through 5 of this section constitute Plaintiff's prayers for relief and legal conclusions of and by the pleader to which no response is required.

BY WAY OF FURTHER ANSWER, Defendant denies each and every allegation set forth in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

## THIRD AFFIRMATIVE DEFENSE

The Complaint contains allegations (i.e. Paragraph 17) by Plaintiff that are barred by the three-year statute of limitations. *See* D.C. Code § 12-301(8).

## CONCLUSION

WHEREFORE, Defendant demand that the Complaint be dismissed and that Defendant be awarded the expense of litigation, costs, and interest, and such other relief as the Court deems just and proper.

                    Respectfully submitted,

                    ROBERT J. SPAGNOLETTI
                    Attorney General of the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    **/s/ Edward P. Taptich**
                    EDWARD P. TAPTICH [#012914]
                    Chief, Equity Section 2

                    **/s/ Eden I. Miller**
                    EDEN I. MILLER [#483802]
                    Assistant Attorney General
                    441 Fourth Street, N.W., Sixth Floor South
                    Washington, D.C. 20001
**July 1, 2005**             (202) 724-6614