## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICIA WRIGHT,<br>Parent and Next Friend of D.W.[1]<br><br>     Plaintiff,<br><br>     v.<br><br>DISTRICT OF COLUMBIA,[2]<br>A municipal corporation<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-0990 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

### **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant District of Columbia, by counsel, respectfully moves for summary judgment, pursuant to Fed. R. Civ. Pro. 56 and LCvR 56.1. The grounds for this motion are that plaintiff's challenge for attorneys' fees lacks merit because the administrative proceeding concluded by settlement, and plaintiff has no entitlement under IDEA for attorneys' fees. Moreover, plaintiff's counsel waived his right to receive fees in any event.

The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities, which is attached hereto and incorporated by reference.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

---

[1] The minor will be referred to as D.W, pursuant to LCvR 5.4(f)(2). Further, as D.W. is a minor, he cannot bring suit. Thus, his mother is the only properly named plaintiff.

[2] The District of Columbia is the only properly named defendant. Both Anthony Williams and District of Columbia Public Schools Superintendent Clifford Janey have been sued in their official capacity only; thus, Plaintiff in effect has sued the District of Columbia.

<table>
<tr><td></td><td>GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division<br><br>**/s/ Edward P. Taptich**<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section 2<br><br>**/s/ Damon A. Pace**<br>DAMON A. PACE [#451351]<br>Assistant Attorney General<br>441 Fourth Street, N.W., Sixth Floor South<br>Washington, D.C. 20001</td></tr>
<tr><td>September 22, 2005</td><td>(202) 724-7794</td></tr>
</table>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PATRICIA WRIGHT, ) <br> Parent and Next Friend of D.W. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, ) <br> A municipal corporation ) <br> ) <br> Defendant. ) | Civil Action No. 05-0990 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IS SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

D.W. is a student currently enrolled at Aiton Elementary School, a public school in the District of Columbia. *See* Complaint at ¶16. On February 1, 2005, a request for hearing was filed on the behalf of D.W. by his counsel, Roy Carelton Howell, a licensed District of Columbia (D.C.) attorney. *See* Complaint at ¶ 23. In the request, Mr. Howell alleged that District of Columbia Public Schools (DCPS) violated 34 C.F.R. Sec. 300.125 ("Child Find") because it failed to address D.W.'s academic failures and social conflicts at school. *See* Complaint, generally. Mr. Howell went on to assert that this violation of Child Find denies D.W. a Free Appropriate Public Education (FAPE) under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.*, (IDEA) statute. *See* Student Hearing Office Request for Mediation/Hearing, dated 2/1/05.

At the start of the March 9, 2005, administrative hearing, DCPS moved to exclude counsel because of a conflict of interest, inasmuch as Mr. Howell was a substitute teacher at D.W.'s school prior to representing him as counsel[3]. *See* Transcript at 15. Hearing Officer St. Clair gave Mr. Howell two options: (1) continue the case until the conflict of interest matter was briefed and decided; or (2) proceed on merits, under the condition that Mr. Howell waive his fees for the hearing. *See* Transcript, pp. 32-33. After consulting his client, Mr. Howell agreed to proceed with the hearing. *See* Transcript at p. 41. The parties settled on the record, and Hearing Officer St. Clair specifically stated in the HOD that there was no prevailing party. *See* Impartial Due Process Hearing Interim Order, 3/24/05.

Later, Hearing Officer St. Clair decided that there was no conflict of interest. *See* Impartial Due Process Hearing, Decision and Order, 3/31/05. As a result, Mr. Howell then sought fees for the administrative hearing, which Hearing Officer St. Clair denied in an April 22, 2005, HOD. *See* Impartial Due Process Hearing, Dispositions of Motion to Correct Record, 4/22/05. Mr. Howell filed the instant matter on May 18, 2005, to appeal that decision solely with respect to the issue of attorneys' fees.

## STANDARD OF REVIEW

### I.     Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). Although a court should draw

---

[3] From January 9th to January 21, 2005, only days before he filed the request for a hearing, Mr. Howell worked as a substitute teacher at Aiton Elementary School.

4

all reasonable inferences from the records submitted by the nonmoving party, the mere existence of a factual dispute, by itself, is insufficient to bar summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To be genuine, the issue must be supported by evidence sufficiently admissible that a reasonable trier of fact could find for the nonmoving party; to be material, the factual assertion must be capable of affecting the substantive outcome of the litigation. *Id.*; *see also Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

In cases such as this, the IDEA dictates that "the court [ ] shall receive the records of the administrative proceedings; [ ] shall hear additional evidence at the request of a party; and [ ] basing its decision on the preponderance of the evidence, shall grant such relief as the court determines appropriate." 20 U.S.C. §1415(i)(2)(B). When neither party has requested the court to hear additional evidence, the "motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *Heather S. v. Wisconsin*, 125 F.3d 1045, 1052 (7th Cir. 1997). Factual determinations of the hearing officer are to be accorded due weight.

**II.    Review of administrative decisions under IDEA.**

IDEA provides for judicial review in state or federal court for "[a]ny party aggrieved by the findings and decision" rendered in a due process hearing. 20 U.S.C. §1415(i)(2)(A). In conducting such review, the "preponderance of the evidence" standard of 20 U.S.C. §1415(i)(2)(B)(iii) "is by no means an invitation to the court to substitute their own notions of sound educational policy for those of the school authorities which they review." *Board of Educ.of Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982). Stated differently, the court should not "reverse the hearing officer's findings simply because [the

court] disagree[s] with them." *Board of Educ. of Arlington Heights Sch. Dist. No. 25 v. Illinois State Board of Educ.*, 2001 U.S. Dist. LEXIS 6994, *12 (N.D. Ill., March 19, 2001).

The party challenging the hearing officer's determination bears the burden of persuading the court that the hearing officer was incorrect. *See Angevine v. Smith*, 292 U.S. App. D.C. 346, 959 F.2d 292, 295 (1992); *Kerkam v. McKenzie*, 274 U.S. App. D.C. 139, 862 F.2d 884, 887 (1988); *Lyons v. Smith*, 829 F. Supp. 414, 417 (D.D.C. 1993). While the Court is authorized to make an independent determination, "it must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education." *Id*. at 418. This deference results from Congress' recognition of the "specialized knowledge and experience" required to make complicated educational choices. *See Rowley*, *supra*, 458 U.S. at 207-08.

Accordingly, this Court must give the hearing officer's determinations "due weight," and Plaintiff, in order to prevail, must show by a "preponderance of the evidence" that the hearing officer was wrong. Because the HOD was appropriate in all respects challenged by Plaintiff (or favored them more than required by facts or law), Plaintiff cannot make the required showing, and summary judgment should be granted to Defendant.

**ARGUMENT**

I. **Mr. Howell is not entitled to attorney's fees because there was a settlement without a prevailing party.**

Within the Complaint, plaintiff asserts that the plaintiff prevailed "on the merits and the child realizes benefit via IDEA, as a matter of law the prevailing party is awarded fees. Joiner v. District of Columbia, 16 EHLR 424, 425 (D.D.C. January 17, 1990)." *See* Complaint at ¶32. This theory is repeated throughout the four counts of the

6

complaint. Contrary to plaintiff's contention, plaintiff was <u>not</u> a prevailing party in the instant matter. Hearing Officer St. Clair's HOD addressed this issue directly:

> 1. Except as to the issue of conflict of interest, this matter was noted as **SETTLED, without a prevailing party.**

*See* HOD 3/24/05, at p.2.

In this jurisdiction, in order to be entitled to attorneys' fees under either IDEA, a party must establish that it was a "prevailing party" under that statute. *See* 20 U.S.C. § 1415(i)(3)(B). In terms of defining a "prevailing party," it is now settled in this jurisdiction that "plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not 'prevailing parties' entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. §1415(i)(3)(B)." *See Smith v. District of Columbia*, No. 03-7130, Judgment at p. 2 (D.C. Cir. Dec. 3, 2004). Moreover, *Alegria v. District of Columbia*, 2004 U.S. App. Lexis 25138 (D.C. Cir. 2004), in citing *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001), affirmed the following points: (1) attorneys' fees are not warranted without formal judicial action; (2) **private settlements do not entail judicial approval and oversight**; and (3) a request for attorneys' fees based upon a private settlement must be denied.

In the matter sub judice, Mr. Howell is not entitled to attorney's fees stemming from the Impartial Due Process Hearing on March 9, 2005, because there was a settlement with **<u>no prevailing party</u>**. *See* Impartial Due Process Hearing, Interim Order, dated 3/24/05. The "resolved matter" was that D.W. would receive an evaluation from the District of Columbia Public Schools (DCPS).

7

II. **Mr. Howell is not entitled to attorney's fees because he willingly waived his right to attorney's fees for the Due Process Hearing in order to resolve the conflict of interest and to benefit his client.**

Mr. Howell agreed to forfeit his attorney's fees in the interest of his client and stated the following:

> MR. HOWELL:   Well, Judge, insofar as I want the best for this little boy, and my client is indigent and I think that the little boy deserves to have a break. So, consequently, I will forfeit my attorney's fees. I am here for the benefit of the child.

*See* Transcript at p. 38.

In exchange for this forfeiture, Hearing Officer St. Clair assured both Ms. Wright and Mr. Howell that Delonte would receive an evaluation from the District of Columbia Public Schools (DCPS).

> MR. HOWELL:   Right. In other words, relative to Delonte, all I want is for them to meet and to evaluate the child.
> THE HEARING OFFICER:   Here is what I am going to do. Ms. Wright, I am going to make sure Delonte is evaluated. Now, I am going to preserve to you, Ms. Wright, any cause you may have for Child Find. As a matter of fact, if DCPS finds that Delonte is eligible for special education services, he is going to be in a better position to come back and get compensatory education.

*See* Transcript at p. 45.

By agreeing to waive his attorney's fees, the conflict of interest surrounding Mr. Howell's representation of D.W. at the Due Process Hearing was resolved. However, Hearing Officer St. Clair still requested that the parties submit briefs to resolve the conflict of interests for future representation of the student. The purpose of the briefs was to determine whether Mr. Howell would receive attorney's fees if he prevailed on the Child Find claim. Hearing Officer St. Clair took the issue under advisement to guide future hearings if, and when, Mr. Howell continued to represent the student or if another

8

attorney was faced with similar circumstances.[4]  Mr. Howell's waiver of his attorney's fees was never conditional upon the outcome of the briefing.

> HEARING OFFCER: But let me just say this, Mr. Howell, on this conflict matter.  If you are going to continue to represent him, let's suppose a meeting takes place and you decide that something went wrong in the meeting, we are still going to have this conflict problem unless you step aside and let the other attorney take this.
>
> MR. HOWELL:  Well, that is one of the reasons why I wanted to file a memorandum of law.
>
> THE HEARING OFFICER:  I'll tell you what.  Here is what you can do.  For this matter, for this matter here, you are waiving your attorney's fees.
> MR. HOWELL:         If the little boy gets—if the case is over.  That's all I want.
> THE HEARING OFFICER:  Then we've got the same problem.
> MR. HOWELL:         Right.
> THE HEARING OFFICER:  The conflict is still there.  It comes back up again.  So what I'm going to do—I don't want to pass this issue on to another attorney advisor—I mean, another hearing officer.  If you do not step aside in your representation on this, that is, if you foresee the possibility of coming back here representing Ms. Wright, then I think I'm going to have to make a decision on this conflict of interest.
> Do you understand what I'm saying?
> MR. HOWELL:         Yes.
> THE HEARING OFFICER:  All right.  Let me declare a recess.  I know this is a lot that you didn't come here to think about, and I don't want to—I'm going to give you ten minutes to think about this, because, I mean, this has future ramifications, et cetera.
> * * *
> THE HEARING OFFICER: …Now, on this issue about the representation, Mr. Howell's representation of you, I am going to take this under advisement.  I am going to call for briefs.  Now, how much time do you want, counsel?  And I think I should do this, because Mr. Howell may want to come back.  If something happens later on and he wants to come back, and this time he is probably going to want to get paid, assuming he can establish a denial.

*See* Transcript at pp. 40-42, 45.

The aforementioned language from the transcript illustrates that Hearing Officer St. Clair's decision to call for briefs was designed to address future conflicts of interest under the assumption that Mr. Howell would continue to represent the student.  The

---

[4] *See* T. at 45

9

transcript clearly indicates that Mr. Howell would not receive attorney's fees for services rendered for the March 9, 2005, Due Process Hearing. However, for purposes of the Due Process Hearing, the conflict was resolved by Mr. Howell's waiver of attorney's fees. The subsequent dismissal of allegations that Mr. Howell violated D.C. Bar Rules was not a judgment on the merits of the Child Find allegation, nor did it reverse Mr. Howell's earlier waiver of attorney's fees. This order merely granted Mr. Howell the right to continue his representation of D.W.

### III. **Mr. Howell mischaracterized Hearing Officer St. Clair's instructions at the Due Process Hearing as a *Sua Sponte* inquiry into the fee arrangements between counsel and plaintiff that violated their attorney-client privilege.**

Hearing Officer St. Clair initially proposed that Mr. Howell either forfeit his attorney's fees, in the interest of his client, and immediately resolve the conflict of interest, or retain his attorney's fees and submit a brief.

> THE HEARING OFFICER: I'll tell you what we can do, Mr. Howell. We can go forward on the merits if you waive your claim to attorney's fees. We can go right forward and if you waive your claim to attorney's fees, we can go right forward on the merits. Otherwise, I will give you a chance to resolve this conflict interest, and then we'll go on the merits, because the conflict, as I see it, is only for attorney's fees.

*See* Transcript at p. 33.

However, Hearing Officer St. Clair realized that the conflict of interest would continue to exist even after the Due Process Hearing, under the assumption that Mr. Howell would continue to represent D.W. Wright. Thus, briefs were called for to make a final decision on whether or not a person in Mr. Howell's position confronted a conflict of interest.

10

> THE HEARING OFFICER: If you are going to continue to represent him, let's suppose a meeting takes place and you decided that something went wrong in the meeting, we are still going to have this conflict problem unless you step aside and let another attorney take this. See, the conflict issue, if it exists at all, is going to continue to exist.
> MR. HOWELL: Well, that is one of the reasons why I wanted to file a memorandum of law.

*See* Transcript at p. 40.

Hearing Officer St. Clair's demand that Mr. Howell either forfeit his attorney's fees or go forward with the hearing was mischaracterized by plaintiff's counsel as a violation of attorney-client privilege. At no point did Hearing Officer St. Clair request to see a copy of the retainer agreement between counsel and his client. The purpose of the Hearing Officer's proposal was to expedite the process so that D.W. could receive appropriate educational services as quickly as possible. Plaintiff's counsel could not proceed with his Child Find claim without an evaluation. Without briefs about conflicts of interest outlined in the District of Columbia Rules of Professional Conduct, Hearing Officer St. Clair could not immediately render a decision. Hearing Officer St. Clair chose to exercise his discretion to protect the interests of Mr. Howell's client. Mr. Howell's forfeiture of his attorney's fees for the Due Process Hearing could have been avoided had he disclosed his earlier ties with DCPS and sought consent to represent D.W. at the Due Process Hearing.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the defendant requests that this Court enter an Order granting summary judgment.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ROBERT J. SPAGNOLETTI<br>Attorney General of the District of Columbia |
|  | GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division |
|  | **/s/ Edward P. Taptich**<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section 2 |
|  | **/s/ Damon A. Pace**<br>DAMON A. PACE [#451351]<br>Assistant Attorney General<br>441 Fourth Street, N.W., Sixth Floor South<br>Washington, D.C. 20001 |
| September 22, 2005 | (202) 724-7794 |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PATRICIA WRIGHT, <br> Parent and Next Friend of D.W. <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> A municipal corporation <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action No. 05-0990 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 56.1, defendant submits this statement of material facts as to which there is no genuine issue:

1. D.W. is a ten-year old D.C. resident with special education needs. Request for Hearing, R. at 86.

2. During the 2004-2005 school year, D.W. attended Aiton Elementary School. Request for Hearing, R. at 84.

3. On February 1, 2005, counsel for D.W. filed a Request for Hearing, alleging a violation of 34 C.F.R. Sec. 300.125, <u>Child Find</u>. Request for Hearing, R. at 86.

4. On March 9, 2005, a Due Process Hearing was convened before Hearing Officer St. Clair. Roy Carleton Howell represented D.W. and Donna Whitman-Russell represented DCPS. R. at 89.

5. DCPS moved to dismiss the case, citing a possible conflict of interest based upon Mr. Howell's representation of D.W. R. at 89; Transcript at 15.

6. Hearing Officer St. Clair proposed a continuance of the case until the conflict of interest matter was briefed and decided, or to proceed on the merits, under the condition that Mr. Howell waive his fees for the hearing. R. at 89; Transcript at 32-33.

7. Mr. Howell agreed to forfeit his fees in order to expedite the process so as to enable D.W. to receive the appropriate education. R. at 89; Transcript at 41.

8. Despite the forfeiture of fees, the parties were to submit briefs on the conflict of interest issue. R. at 89; Transcript at 45.

9. The parties settled on the record, and Hearing Officer St. Clair specifically stated in the HOD that there was no prevailing party. HOD 3/24/05, R. at 18.

10. Thereafter, Hearing Officer St. Clair decided that there was no conflict of interest. HOD 3/31/05, R. at 14-15.

11. Mr. Howell then sought fees for the administrative hearing, which Hearing Officer St. Clair denied. HOD 4/22/05, R. at 3-4.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

|  |  |
|---|---|
|  | **/s/ Edward P. Taptich**<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section 2 |
|  | **/s/ Damon A. Pace**<br>DAMON A. PACE [#451351]<br>Assistant Attorney General<br>441 Fourth Street, N.W., Sixth Floor South<br>Washington, D.C. 20001 |
| September 22, 2005 | (202) 724-7794 |