IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DALONTE WRIGHT, *et al.*,

    Plaintiffs

v.

Civil Action No. **1:05CV0990**
Judge: Richard W. Roberts

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Scheduling Order plaintiffs respond, and oppose defendants' motion for summary judgment.

**I. REPLY TO DEFENDANTS' ANALYSIS CONCERNING JUDICIAL REVIEW OF ADMINISTRATIVE DECISIONS UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA), *20 U.S.C. § 1400 et seq.***

**(A) THE QUESTION BEFORE THE COURT IS ATTORNEY'S FEES, AND FEDERAL COURTS HAVE VESTED STATUTORY AND REGULATORY POWERS TO ADDRESS THOSE ISSUES.**

The legal question and facts before this court concern attorney's fees. Moreover, Congress vested federal courts with the statutory authority to consider issues of attorney's fees in regard to the *IDEA*. *20 U.S.C. § 1415 (i) (3)(B)*. Moreover, the administrative regulations of the United States Department of Education vests federal courts with the regulatory authority to inquire and set attorney's fees regarding the *IDEA*. *34 C.F.R. §*

1

*300.513 et seq.* Therefore, the legal question and facts before this court do **not** concern special education policy of technical concerns. Hence, defendants' argument that *20 U.S.C. § 1415 (i) (2) (B) (iii)* "is by no means an invitation to the court to substitute their own notions of sound educational policy for those of the school authorities which they review" pursuant to *Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at 206 (1982)* is irrelevant to this case *sub judice*.

**(B)    A DISTRICT OF COLUMBIA HEARING OFFICER DOES NOT HAVE STATUTORY, OR REGULATORY AUTHORITY TO ADDRESS ATTORNEY'S FEES IN THE *IDEA*.**

First, it is very important to note that absolutely nowhere in the *IDEA, 20 U.S.C. § 1400 et seq.* is there statutory authority vesting a District of Columbia Hearing Officer with the right to inquire about attorney's fees, and rule on attorney's fees. Second, it is likewise very important to note that absolutely nowhere in the *IDEA* administrative regulations of the United States Department of Education, *34 C.F.R. Part 300 et seq.*, is there regulatory authority vesting a District of Columbia Hearing Officer with the power to inquire into attorney's fees, and rule on attorney's fees. Therefore, as a matter of federal law a District of Columbia Hearing Officer under **absolutely no** circumstances whatsoever has jurisdictional authority to inquire about attorney's fees, or rule on attorney's fees. Consequently, defendants' argument that the District of Columbia Hearing Officer's determination "was appropriate in all respects" is flat out **wrong!** Wherefore, not only are plaintiffs legally entitled to summary judgment, but a motion for judgment on the pleadings for plaintiffs is legally proper.

## II. PLAINTIFFS ARE PREVAILING PARTIES AS A MATTER OF FEDERAL LAW AND PRECEDENT.

### (A) PLAINTIFFS MUST BE CONSIDERED 'PREVAILING PARTIES' FOR ATTORNEY'S FEES PURPOSES IF THEY SUCCEED ON ANY SIGNIFICANT ISSUE IN LITIGATION WHICH ACHIEVES SOME BENEFIT SOUGHT IN BRINGING SUIT.[1]

Here the facts are clear that plaintiffs have prevailed on the merits to find a violation of a Free Appropriate Education *(FAPE)* pursuant to the *IDEA*. First, plaintiffs sued defendants administratively alleging violation of *CHILD FIND* at *34 C.F.R. § 300.125* and demanding certain special education evaluations pursuant to *34 C.F.R. § 300.320 et seq.*, and compensatory education to be considered by a Multi-Disciplinary Team *(MDT)* meeting. *See,* EXHIBIT # 1.

Second, defendants contested plaintiffs' administrative complaint and filed opposition via a Due Process Disclosure Statement. *See,* EXHIBIT # 2. Subsequently, the case was set for hearing. Third, at the hearing the District of Columbia Hearing Officer ruled that plaintiffs would prevail on receiving special education evaluations pursuant to *34 C.F.R. § 300.320 et seq.,* for *CHILD FIND* at *34 C.F.R. § 300.124* and compensatory education consideration by the MDT. The cogent language from the transcript provides, *inter-alia:*

> MR. HOWELL: Well also, what Child Find does require is that the District of Columbia is obligated to evaluate the child.
>
> HEARING OFFICER ST. CLAIR: We're going to get that done.
>
> MR. HOWELL: Right. I would like to bring to your attention the

---

[1] *See, Nadeau v. Helgemoe, 581 F.2d 275, at pp. 278-279 (1ˢᵗ Cir. 1978), quoted with approval in Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); see Moore v. District of Columbia, 674 F. Supp 901, at p. 904 (D.D.C. 1987) (finding that plaintiffs were "prevailing parties"), rev'd on other grounds, 886 F.2d 335 (D.C. Cir. 1989).*

3

particular rule I had here relative to evaluations, which is very important, and that is Rule 300.320, and that is evaluation.

What I want and what is crucial here for Delonte, because he has flunked twice and is about to flunk a third time, and that is, we would like to have a psycho-educational evaluation straightaway.

HEARING OFFICER ST. CLAIR:    Mr. Howell, that is almost routine. I mean, on precedent, the child is going to be given a psycho-educational and the psycho-educational evaluator gives a preliminary screen for whether or not there should be a clinical, and then the clinical may be directed to why he is fighting or having those types of problems.
*See* Transcript at pp. 39-40.

The aforementioned evidence from the transcript confirms clearly that plaintiffs were prevailing parties pursuant to a formal finding by a District of Columbia Hearing Officer. Thus, as a matter of law pursuant to *Joiner v. The District Of Columbia, 16 EHLR 424, at p. 3 of Memorandum Opinion (No. 87-3445 – U.S. Dist. Ct., DC: January 17, 1990)* it is a well settled rule in *IDEA* litigation that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Nadeau v. Helgemoe, 581 F.2d 275, at pp. 278-279 (1ˢᵗ Cir. 1978), quoted with approval in Hensley v. Eckerhart, 461 U.S. 424, at 433, 103 S. Ct 1933, 76 L. Ed. 2d 40 (1983); see Moore v. District of Columbia, 674 F. Supp. 901, at p. 904 (D.D.C. 1987) (finding that plaintiffs were "prevailing parties"), rev'd on other grounds, 886 F. 2d 335 (D.C. Cir.*

*1989).*

Furthermore, the record is abundantly clear that the District of Columbia Hearing Officer resolved the case in favor of plaintiffs without taking testimony on the record. In so doing, the Hearing Officer *sub silentio* granted plaintiffs' motion for judgment on the pleadings or alternatively summary judgment. *See,* EXHIBIT # 3. The cogent language from the transcript stated, *inter-alia:*

> MR. HOWELL:   Right. In other words, relative to Delonte, all I want is for them to meet and to evaluate the child.
>
> HEARING OFFICER ST. CLAIR:   Here is what I am going to do. Ms. Wright, I am going to make sure Delonte is evaluated.
>
> *See* Transcript at p. 45.

The aforementioned language from the Hearing Officer clearly shows plaintiffs as "prevailing parties" entitled to fees pursuant to the *IDEA*. 20 U.S.C. § 1415 (i) (3) (B).[2]

**(B)   THE HEARING OFFICER'S STATEMENT "SETTLED, WITHOUT A PREVAILING PARTY" IS AN OXYMORON UNSUPPORTED BY PRECEDENT AND FACTS.**

Inasmuch as plaintiffs secured a favorable resolution in the Hearing Officer's Determination *(HOD)*, consequently the *HOD* language "SETTLED, without a prevailing party" is a contradiction in reason. It is illogical for the *HOD* to grant plaintiffs' demanded remedies articulated and prayed for in the hearing petition, then characterize

---

[2] "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Nadeau v. Helgemoe,* 581 F.2d 275, at pp. 278-279 (1st Cir. 1978), *quoted with approval in Hensley v. Eckerhart,* 461 U.S 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *see Moore v. District of Columbia,* 674 F. Supp 901, at p. 904 (D.D.C 1987) (finding that plaintiffs were "prevailing parties"), *rev'd on other grounds,* 886 F. 2d 335 (D.C. Cir. 1989).

plaintiffs as "not a prevailing party." How can a party prevail on the merits and not be a "prevailing party." The Hearing Officer's logic is an oxymoron, and unsupported by the *IDEA, 20 U.S.C. § 1400 et seq.,* and *34 C.F.R. Part 300 et seq.,* and federal precedent. In view of the foregoing, there can be **no** doubt that plaintiffs are "prevailing parties" as a matter of law.

### III.    **NO** DISTRICT OF COLUMBIA PUBLIC SCHOOL HEARING OFFICER HAS JURISDICTIONAL AUTHORITY TO INQUIRE INTO ATTORNEY'S FEES, OR FEE ARRANGEMENTS BETWEEN ATTORNEYS AND CLIENTS.

Absolutely nowhere does the *IDEA, 20 U.S.C. § 1400 et seq., 34 C.F.R. Part 300 et seq.,* grant, vest, or infer any authority to a District of Columbia Public Schools' Hearing Officer to inquire into attorney's fees, or fee arrangements between attorneys and clients. **Moreover, there has absolutely never been a federal common law decision where a federal court recognized a District of Columbia Hearing Officer's inquiry into *IDEA* attorney's fees, or having jurisdictional authority over attorney's fees!**

For this Honorable Court to grant a Hearing Officer, a bureaucrat, the jurisdictional power Congress reserved for federal courts[3] in regard to attorney's fees, would be the wrongful transfer of an exclusive judicial power to a bureaucrat. The law is very clear that Congress did **not** grant a District of Columbia Public Schools' Hearing Officer, a bureaucrat, the jurisdictional power over attorney's fees.[4] Consequently, the question as to whether plaintiffs' counsel waived his fees is irrelevant because the District of Columbia Hearing Officer did **not** have the statutory and/or regulatory authority to *sua sponte* raise the question of attorney's fees in the first place.

---

[3] *See, 20 U.S.C. § 1415 (i) (3) (B) Award of attorney's fees.*
[4] Id.

**<u>Under no circumstances whatsoever can a District of Columbia Public Schools' Hearing Officer propose any proposition concerning the payment, non-payment or arrangement of attorney's fees pursuant to the *IDEA, 20 U.S.C. § 1400 et seq.*, and *34 C.F.R. § Part 300, et seq.*</u>**

IV.   **FOR A HEARING OFFICER TO *SUA SPONTE* SUGGEST THAT A LAWYER CAN WAIVE HIS FEE IN THE PRESENCE OF HIS CLIENT, CREATED A FEE CONFLICT BETWEEN THE ATTORNEY AND CLIENT.**

The Hearing Officer created a fee conflict between the attorney and client by *sua sponte* ordering that the case can go forward if the attorney waives his fee. In front of the attorney and client on the record the Hearing Officer stated:

> THE HEARING OFFICER:   I'll tell you what we can do, Mr. Howell. We can go forward on the merits if you waive your claim to attorney's fees. We can go right forward and if you waive your claim to attorney's fees, we can go right forward on the merits.
> 
> *See* Transcript at p 33.

The relationship between lawyer and client is defined by money and joint purpose. The client seeks a legal remedy at the best professional value and costs. *Condlin, Robert F., "What's Love Got To Do With It?" "It's Not Like They're Your Friends for Christ Sake": The Complicated Relationship Between Lawyer and Client, 82 Nebraska Law Review 211, at p. 215 (2003)*. Consequently, here *sub judice*, plaintiffs do not care if their lawyer lives or dies so long as the legal objective is accomplished at the cheapest price, and if that price is free as a result of a meddling bureaucratic Hearing Officer, then that is in the best interests of the client.

> Clients can be rude and demanding in the way they insist that lawyers do their bidding, and can be oblivious to, or unappreciative of, lawyer efforts to help them realize their goals in more socially acceptable ways, even when lawyers do nothing to provoke these attitudes. As partners in social relationships they are frequently imposed rather than selected, and tied to lawyers by money as often as shared values, common beliefs, or joint purposes. Lovable clients are often the proverbial oxymoron then, the anomaly rather than the norm, the result of fortuitous circumstances more than conscious action. *Supra, Condlin, Robert F., 82 Nebraska Law Review 211, at p. 215 (2003).*

Indeed, the Hearing Officer wrongfully paused the hearing to have the attorney and client discuss their fee relationship, the transcript provides:

> HEAIRNG OFFICER ST. CLAIR:   Fine. I'm going to give you a chance to talk with your client. Maybe you want to talk with your client, but I want to make sure you understand what I'm offering.

*See* Transcript at p. 34.

By the Hearing Officer *sua sponte* pausing a hearing and ordering an attorney and client to discuss their fee arrangement, was a violation of the fiduciary relationship between attorney and client. The American Bar Association's Legal Dictionary defines a "fiduciary relationship" as the following:

> A relationship in which one party places special trust, confidence, and reliance in and is influenced by another who has a fiduciary duty to act for the benefit of the party called also *confidential relationship fiduciary relation.* A fiduciary relationship may be created by express agreement of the parties, or it may be imposed by law where established by the conduct of the parties. Typical fiduciary relationships exists between . . . attorneys and clients.[5]

The Hearing Officer's illegal tampering with the attorney-client fiduciary relationship turned the client and attorney into adversaries in regard to the lawyer's fee. A District of Columbia Public Schools' Hearing Officer **never** has jurisdiction over

---

[5] www.answers.com/topic/fiduciary-relationship?method=5&linktext=fiduciary%20relationship

8

attorney fees under **any** circumstances whatsoever as a matter of the *IDEA*, the federal regulations, and federal common law.

## CONCLUSION

**WHEREFORE,** for the reasons set forth herein, the defendants' motion for summary judgment must be **DENIED.**

**WHEREFORE,** for the reasons set forth herein, the plaintiffs' motion for summary disposition must be **GRANTED.**

/s/ *Roy Carleton Howell*
Roy Carleton Howell (415142)
8003 Parkside Lane, NW
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 – home

September 28, 2005