IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

DALONTE WRIGHT, al al.,

    Plaintiffs

v.

    Civil Action No. **1:05CV0990**
    Judge: Richard W. Roberts

DISTRICT OF COLUMBIA, et al.,

    Defendants.

---

# PLAINTIFFS' EXHIBIT # 3

1

BEFORE THE SPECIAL EDUCATION STUDENT HEARING OFFICE
DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In The Matter Of **DALONTE WRIGHT**          Hearing Date:   **MARCH 9, 2005**
Date of Birth: **10/1/94**                   Hearing Time:   **9:00 am**

**PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR ALTERNATIVELY SUMMARY JUDGMENT**

Comes Ms. Patricia Wright the mother of Dalonte Wright through Attorney Roy Carleton Howell, LL.M., and MOVES FOR JUDGMENT ON THE PLEADINGS or alternatively SUMMARY JUDGMENT.

**(I)    DCPS VIOLATED *34 C.F.R. § 300.125 et seq. (CHILD FIND)*.**

1.  The District of Columbia Public Schools (DCPS) failed a regulatory and legal duty pursuant to *34 C.F.R. § 300.125 et seq.* regarding the "CHILD FIND" obligations of federal regulations of the IDEA.

2.  A DCPS teacher failed this student in 1st grade. On 6/19/01 the teacher recommended that this student receive summer school instruction (ESY). The teacher documented the following observations:

    > Dalonte is working below grade level in reading and math. – Dalonte will repeat first grade. –Please send Dalonte to summer school.[1]

3.  The subsequent DCPS 1st grade teacher documented that said student was easily distracted, and must work on focusing on class work. Moreover, the subsequent 1st grade teacher documented this student's verbal and physical altercations in school. This

---

[1] See, **PETITIONER'S DISCLOSURE OF EVIDENCE AND WITNESSES**, EXHIBIT # 9, TEACHER COMMENTS, Fourth Advisory.

1

teacher documented the following observations:

> Dalonte has good intentions but is easily distracted.
> Please keep him focused on his classwork[2]
>
> Dalonte had potential but allows himself to get involved in verbal and physical altercations.[3]
>
> The little stride that Dalonte was making is falling off.
> He rarely attempts to complete or even begin his work...[4]

4.  Next, a DCPS teacher failed this student in 3rd grade. The teacher's rationale was based on said student's unsatisfactory performance for the entire 3rd grade school year.[5]

5.  The juxtaposition of the student's Grade 1 STANFORD Test[6] to Grade 3 STANFORD Test[7] was illustrative of substantial documented academic decline. Yet, DCPS did not observe this substantial decline and take action. Moreover, the Grade 1 STANFORD Test results were *per se* poor. Whilst the subsequent Grade 3 STANFORD Test results were a disaster.

6.  This child's academic difficulties and needs for support and help were acknowledged as early as Kindergarten in 1999. A DCPS kindergarten teacher documented that this student "needed support" (via grade "N") in *Reading, Writing, Speaking,* and *Literature*. Subsequently, that DCPS teacher documented said child required "needed support" (via grade "N") in *Work Habits* in 2nd *Semester*[8]

---

[2] Id., see EXHIBIT # 8, TEACHER COMMENTS, First Advisory.
[3] Id., see EXHIBIT # 8, TEACHER COMMENTS, Second Advisory.
[4] Id., see EXHIBIT # 8, TEACHER COMMENTS, Third Advisory.
[5] Id., see EXHIBIT # 6.
[6] Id., see EXHIBIT # 7.
[7] Id., see EXHIBIT # 5.
[8] Id., see EXHIBIT # 10.

2

7.  DCPS' failure to provide this child with FAPE via IDEA is the cause of his current misbehavior in school. Indeed, the DCPS documentation of fights, conflicts with teachers and staff, disruptions caused in school, and inappropriate behaviors are articulated in EXHIBITS # 1, # 2, # 3, # 4. Moreover, the student's mother will testify as to the many, many times she has worked with the school about this student's bad acts. Indeed, the mother is literally exhausted from trying to help this student.

8.  Clearly the entire "paper trail" of this child proves that DCPS has denied him FAPE via IDEA. Moreover, the testimony of the mother and student will support the cause of action via *34 C.F.R. § 300.125 Child Find*, sub-judice.

9.  This child's special education needs have been ignored by DCPS in violation of *34 C.F.R. § 300.125 et seq.* (CHILD FIND).

II. **THE REMEDY FOR THIS STUDENT:**

10. DCPS must immediately conduct a Psycho-Educational Evaluation on this child.

11. DCPS must immediately execute a Social History of this child.

12. DCPS must immediately execute a Hearing Test upon this child.

13. DCPS must immediately execute a Vision Screening of this child.

14. DCPS must execute a Speech & Language Evaluation of this child.

15. DCPS must execute a Classroom Observation of this child.

3

16. DCPS must convene an MDT and subsequently execute an IEP for this child pursuant to the IDEA, and provide this child with FAPE.

17. DCPS must consider the issue of ESY at the MDT meeting.

18. DCPS must consider the issue of Compensatory Education at the MDT meeting.

19. DCPS must consider the appropriate placement for this child at the MDT meeting.

20. DCPS must provide transportation if placement requires such.

Respectfully submitted,

Roy Carleton Howell, LL.M.
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 – home
(202) 545-0525 – fax

**CERTIFICATE OF FILING:**

I, Roy Carleton Howell, do affirm on this 20th day of February 2005, that a copy of this MOTION was filed with the DCPS Hearing Office.

Roy Carleton Howell

**CERTIFICATE OF SERVICE:**

I, Roy Carleton Howell, do affirm on this 20th day of February 2005, that a copy of this MOTION was served via fax upon the DCPS Office Of General Counsel, Attorney D. Russell, esq.

_____
Roy Carleton Howell