UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA WRIGHT, <br> Parent and Next Friend of D.W. <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> A municipal corporation <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-0990 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Pursuant to Fed.R.Civ.P. 56 and LCvR 7(a), the District of Columbia ("defendant") hereby files this Opposition to Plaintiff's Motion for Summary Judgment. Defendant has also included a Statement of Disputed Material Facts.

**PRELIMINARY STATEMENT**

D.W. is a student currently enrolled at Aiton Elementary School, a public school in the District of Columbia. *See* Complaint at ¶16. On February 1, 2005, a request for hearing was filed on the behalf of D.W. by his counsel, Roy Carelton Howell, a licensed District of Columbia (D.C.) attorney. *See* Complaint at ¶ 23. In the request, Mr. Howell alleged that District of Columbia Public Schools (DCPS) violated 34 C.F.R. Sec. 300.125 ("Child Find") because it failed to address D.W.'s academic failures and social conflicts at school. *See* Complaint, generally. Mr. Howell went on to assert that this violation of Child Find denies D.W. a Free Appropriate Public Education (FAPE) under the Individuals with Disabilities

Education Act, 20 U.S.C. §1400 *et seq*., (IDEA) statute.  *See* Student Hearing Office Request for Mediation/Hearing, dated 2/1/05.

At the start of the March 9, 2005, administrative hearing, DCPS moved to exclude counsel because of a conflict of interest, inasmuch as Mr. Howell was a substitute teacher at D.W.'s school prior to representing him as counsel[1].  *See* Transcript at 15.  Hearing Officer St. Clair gave Mr. Howell two options: (1) continue the case until the conflict of interest matter was briefed and decided; or (2) proceed on merits, under the condition that Mr. Howell waive his fees for the hearing.  *See* Transcript, pp. 32-33.  After consulting his client, Mr. Howell agreed to proceed with the hearing.  *See* Transcript at p. 41.

Ultimately, the parties reached a settlement, and the merits of the plaintiff's claims were not adjudicated.  Indeed, Hearing Officer St. Clair specifically acknowledged that the matter had been settled, and stated in the HOD that there was no prevailing party.  *See* Impartial Due Process Hearing Interim Order, 3/24/05.

Later, Hearing Officer St. Clair decided that there was no conflict of interest.  *See* Impartial Due Process Hearing, Decision and Order, 3/31/05.  As a result, Mr. Howell then sought fees for the administrative hearing, which Hearing Officer St. Clair denied in an April 22, 2005, HOD.  *See* Impartial Due Process Hearing, Dispositions of Motion to Correct Record, 4/22/05.  This action seeks review of that decision solely with respect to the issue of attorneys' fees.

---

[1] From January 9th to January 21, 2005, only days before he filed the request for a hearing, Mr. Howell worked as a substitute teacher at Aiton Elementary School.

**ARGUMENT**

I.  **Under Governing Law, Because The Administrative Proceeding At Issue Was Settled, The Plaintiff Was Not A "Prevailing Party," Is Therefore Not Entitled To Attorneys' Fees Under IDEA, And Plaintiff's Disputes With The Hearing Officer's Views Concerning Conflicts And Fees Are Without Consequence.**

At the outset, it should be stressed that the Plaintiff's various contentions concerning the Hearing Officer's actions and conclusions concerning Plaintiff's counsel's representation and fees are wholly inconsequential in this case. For the Plaintiff is barred from collecting attorneys' fees for reasons wholly independent of – and superseding in any event – the Hearing Officer's actions and rulings.

Section 1415(i)(3)(B)(i) of IDEA provides, in relevant part:

In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
 (I) to a prevailing party who is the parent of a child with a disability.

20 U.S.C. §1415(i)(3)(B)(i). To be entitled to attorneys' fees under the statute, therefore, the claimant must be a "prevailing party."

In this case, the administrative proceeding initiated by the Plaintiff was resolved by a voluntary settlement between the parties. Indeed, the March 24, 2005, HOD specifically observed (at p. 2) that "[e]xcept as to the issue of conflict of interest, this matter was noted as SETTLED, without a prevailing party."

However, it is now settled in this jurisdiction that "plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not 'prevailing parties' entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. 1415(i)(3)(B)." *Smith v. District of Columbia*, No. 03-7130, Judgment at p. 2 (D.C. Cir. Dec. 3, 2004). *See also*, *Alegria v. District of Columbia*, 2004 U.S. App. Lexis 25138 (D.C. Cir. 2004), citing *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598

3

(2001)).

Accordingly, the Plaintiff here is not entitled to attorney's fees stemming from the Impartial Due Process Hearing on March 9, 2005, because there was a settlement with **no prevailing party**. *See* Impartial Due Process Hearing, Interim Order, dated 3/24/05. Defendant submits that the settlement precludes any award of attorney's fees, that this is dispositive of the instant matter, and that the arguments presented by the Plaintiff are wholly immaterial at this point.

II. **The Plaintiff's Arguments Concerning The Hearing Officer's Actions And Rulings Are Without Merit.**

    A. **Plaintiff's counsel mischaracterizes Hearing Officer St. Clair's instructions at the Due Process Hearing as a *sua sponte* inquiry into the fee arrangements between counsel and plaintiff that violated their attorney-client privilege.**

Preliminarily, it should be noted that there was no *sua sponte* inquiry as to the fee arrangement between counsel and client. As defined by Black's Law Dictionary, Sixth Edition, *sua sponte* means "of his or its own will or motion; voluntarily; without prompting or suggestion." Here, Donna Whitman-Russell, counsel for DCPS at the hearing, moved to dismiss at the start of the hearing on the basis of a conflict of interest. *See* Transcript at p. 15. Ms. Whitman-Russell cited to the D.C. Code and the Rules of Professional Conduct to support her position. *See* Transcript at p. 23. In response to this oral motion, Mr. Howell requested leave to file a memorandum of law addressing the issue. *See* Transcript at p. 28. As such, it is clear that the Hearing Officer did not make a *sua sponte* inquiry as to the fee arrangement, but was obligated to address the motion raised by DCPS.

Hearing Officer St. Clair initially proposed that Mr. Howell either forfeit his attorney's fees, in the interest of his client, and immediately resolve the conflict of interest, or retain his attorney's fees and submit a brief.

> THE HEARING OFFICER: I'll tell you what we can do, Mr. Howell. We can go forward on the merits if you waive your claim to attorney's fees. We can go right forward and if you waive your claim to attorney's fees, we can go right forward on the merits. Otherwise, I will give you a chance to resolve this conflict interest, and then we'll go on the merits, because the conflict, as I see it, is only for attorney's fees.

*See* Transcript at p. 33.

Hearing Officer St. Clair's option to Mr. Howell that he either forfeit his attorney's fees or go forward with the hearing was mischaracterized by plaintiff's counsel as a violation of attorney-client privilege. Furthermore, there was no violation of the attorney-client privilege as Hearing Officer St. Clair did not request to see a copy of the retainer agreement between counsel and his client, or inquire as to the amount, or percentage, of the attorney fee charged. The sole purpose of the Hearing Officer's proposal was to expedite the process so that D.W. could receive appropriate educational services as quickly as possible.

Plaintiff has not presented a credible basis as to any allegations of a *sua sponte* inquiry into the attorney-client fee arrangement, or of a violation of the attorney-client privilege.

**B.      Plaintiff's counsel is not entitled to attorney's fees because he knowingly waived his right to attorney's fees for the Due Process Hearing.**

Mr. Howell agreed to forfeit his attorney's fees in the interest of his client and stated the following:

> MR. HOWELL: Well, Judge, insofar as I want the best for this little boy, and my client is indigent and I think that the little boy deserves to have a break. So, consequently, I will forfeit my attorney's fees. I am here for the benefit of the child.

*See* Transcript at p. 38.

In exchange for this forfeiture, Hearing Officer St. Clair assured both Ms. Wright and Mr. Howell that Delonte would receive an evaluation from the District of Columbia Public Schools (DCPS).

> MR. HOWELL:    Right.  In other words, relative to Delonte, all I want is for them to meet and to evaluate the child.
>
> THE HEARING OFFICER:   Here is what I am going to do.  Ms. Wright, I am going to make sure Delonte is evaluated.  Now, I am going to preserve to you, Ms. Wright, any cause you may have for Child Find.  As a matter of fact, if DCPS finds that Delonte is eligible for special education services, he is going to be in a better position to come back and get compensatory education.

*See* Transcript at p. 45.

By agreeing to waive his attorney's fees, the conflict of interest surrounding Mr. Howell's representation of D.W. at the Due Process Hearing was resolved.  However, Hearing Officer St. Clair still requested that the parties submit briefs to resolve the conflict of interests for future representation of the student.  The purpose of the briefs was to determine whether Mr. Howell would receive attorney's fees if he prevailed on the Child Find claim. Hearing Officer St. Clair took the issue under advisement to guide future hearings if, and when, Mr. Howell continued to represent the student or if another attorney was faced with similar circumstances.  Mr. Howell's waiver of his attorney's fees was never conditional upon the outcome of the briefing.

> HEARING OFFCER: But let me just say this, Mr. Howell, on this  conflict matter.  If you are going to continue to represent him, let's suppose a meeting takes place and you decide that something went wrong in the meeting, we  are still going to have this conflict problem unless you step aside and let the other attorney take this.
>
> MR. HOWELL:  Well, that is one of the reasons why I wanted to file a memorandum of law.

6

>THE HEARING OFFICER:  I'll tell you what.  Here is what you can do.  For this matter, for this matter here, you are waiving your attorney's fees.
>
>MR. HOWELL:    If the little boy gets—if the case is over.  That's all I want.
>
>THE HEARING OFFICER:  Then we've got the same problem.
>
>MR. HOWELL:    Right.
>
>THE HEARING OFFICER:  The conflict is still there.  It comes back up again.   So what I'm going to do—I don't want to pass this issue on to another attorney advisor—I mean, another hearing officer.  If you do not step aside in your representation on this, that is, if you foresee the possibility of coming back here representing Ms. Wright, then I think I'm going to have to make a decision on this conflict of interest.
>Do you understand what I'm saying?
>
>MR. HOWELL:    Yes.
>THE HEARING OFFICER:   All right.  Let me declare a recess.  I know this is a  lot that you didn't come here to think about, and I don't want to—I'm going to give you ten minutes to think about this, because, I mean, this has future ramifications, et cetera.
>* * *
>THE HEARING OFFICER: …Now, on this issue about the representation, Mr. Howell's representation of you, I am going to take this under advisement.  I am going to call for briefs.  Now, how much time do you want, counsel?  And I think I should do this, because Mr. Howell may want to come back.  If something happens later on and he wants to come back, and this time he is probably going    to want to get paid, assuming he can establish a denial.

*See* Transcript at pp. 40-42, 45.

The aforementioned language from the transcript illustrates that Hearing Officer St. Clair's decision to call for briefs was designed to address future conflicts of interest under the assumption that Mr. Howell would continue to represent the student.  The transcript clearly indicates that Mr. Howell would not receive attorney's fees for services rendered for the March 9, 2005, Due Process Hearing.  However, for purposes of the Due Process Hearing, the conflict was resolved by Mr. Howell's waiver of attorney's fees.  The subsequent dismissal of allegations that Mr. Howell violated D.C. Bar Rules was not a judgment on the

merits of the Child Find allegation, nor did it reverse Mr. Howell's earlier waiver of attorney's fees. This order merely granted Mr. Howell the right to continue his representation of D.W.

      **C.**    **The Hearing Officer noted that counsel requested a Request for Mediation/Hearing, and not a Request for Mediation as plaintiff's counsel asserts**

Plaintiff alleges that the Hearing Officer intentionally titled the Request for Hearing as a Request for Mediation. *See* Plaintiff's Motion, p. 7. Upon closer examination, it is clear that Hearing Officer St. Clair stated the following: "Counsel for the Parent filed the herein Request for Mediation/Hearing on behalf of the parent and student . . ." *See* Plaintiff's Exhibit 2 at p.2. Hearing Officer St. Clair uses the same exact language that is in the title of the document that Mr. Howell completed to request the hearing: Student Hearing Office of the District of Columbia Request for Mediation/Hearing. *See* Plaintiff's Exhibit 1. The term "Mediation/Due Process Hearing" is used throughout the document. *Id.* Moreover, Hearing Officer St. Clair correctly notes that a due process hearing, and not mediation, is scheduled to commence on March 9, 2005. *See* at Plaintiff's Exhibit 2 at p.2.

Based on the above, it is obvious that there were no "further attempt to justify denial of attorney's fees" by the Hearing Officer, as alleged by Mr. Howell. *See* Plaintiff's Motion at p. 7. Hearing Officer St. Clair did not maintain that plaintiff filed a Request for Mediation, but properly noted and conducted a due process hearing, as requested by plaintiff.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Summary Judgment should be denied, and the complaint herein dismissed.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General of the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        **/s/ Edward P. Taptich**
        EDWARD P. TAPTICH [#012914]
        Chief, Equity Section 2

        **/s/ Damon A. Pace**
        DAMON A. PACE [#451351]
        Assistant Attorney General
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
October 21, 2005        (202) 724-7794

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| PATRICIA WRIGHT, </br>Parent and Next Friend of D.W. </br></br>　　　　　Plaintiff, </br></br>　　v. </br></br>DISTRICT OF COLUMBIA, </br>A municipal corporation </br></br>　　　　　Defendant. | ) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) | </br></br></br></br></br>Civil Action No. 05-0990 (RWR) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS IDENTIFIED BY THE PLAINTIFF AS TO WHICH THERE IS A GENUINE ISSUE**

Following are the Defendant's responses to the Plaintiff's "Statement of Material Facts as to Which There is no Genuine Issue," filed June 9, 2005.

| Plaintiff Fact Nos. | Defendant's Position |
|---|---|
| 1 | Not disputed. |
| 2 | Not disputed that Plaintiff participated, to some extent or another, in an administrative due process hearing held pursuant to IDEA. |
| 3 | Not disputed as to the wording used in the Request for Hearing; the underlying allegation is disputed. |
| 4 | Not disputed. |
| 5 | Disputed. The Hearing Officer properly characterized the matter as a Request for Mediation/Hearing, and not just a Request for Mediation. |
| 6 | Not disputed. |
| 7 | Disputed. The Hearing Officer properly characterized the matter as a Request for Mediation/Hearing, and not just a Request for Mediation. |

10

| | |
|---|---|
| 8 | Not disputed. |
| 9 | Not disputed. |
| 10 | Not disputed. |
| 11 | Disputed. Counsel for plaintiff waived his right to attorney's fees at the due process hearing. R. at 89; Transcript at 38. |
| 12 | Disputed. Counsel for plaintiff waived his right to attorney's fees at the due process hearing. R. at 89; Transcript at 38. |
| 13 | Disputed. Hearing Officer St. Clair proposed a continuance of the case until the conflict of interest matter was briefed and decided, or to proceed on the merits, under the condition that Mr. Howell waive his fees for the hearing. R. at 89; Transcript at 32-33. |
| 14 | Disputed. Counsel for plaintiff waived his right to attorney's fees at the due process hearing. R. at 89; Transcript at 38. |
| 15 | Disputed. Despite the forfeiture of fees, the parties were to submit briefs solely on the conflict of interest issue. R. at 89; Transcript at 45. |
| 16 | Disputed. There was no *sua sponte* inquiry as to the fee arrangement as counsel for DCPS prompted the issue by moving for dismissal of the matter based upon conflict of interest. R. at 89; Transcript at 15. |

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

**/s/ Damon A. Pace**
DAMON A. PACE [#451351]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
October 21, 2005    (202) 724-7794

11