IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA WRIGHT, *et al.*,

    Plaintiffs

v.                                            Civil Action No. **1:05CV0990 (RWR)**

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Scheduling Order plaintiffs reply to defendants' opposition to plaintiffs' motion for summary judgment.

**I.    ONCE PLAINTIFFS PETITION FOR A HEARING ASSERTING DEFENDANTS' VIOLATION OF *CHILD FIND*, 34 C.F.R. § 300.125 *et seq.*, AND *INITIAL EVALUATIONS*, 34 C.F.R. § 300.320 *et seq.*, THEN PURSUANT TO 5 DCMR 3030.3 THE DEFENDANTS BEAR THE BURDEN OF PROOF BASED SOLELY UPON THEIR EVIDENCE AND TESTIMONY PRESENTED AT THE HEARING THAT THEIR ACTION IS ADEQUATE TO MEET THE EDUCATIONAL NEEDS OF THE STUDENT.  THEREFORE, DEFENDANTS VIOLATED *CHILD FIND* AND *INITIAL EVALUATIONS* FOR FAILURE TO MEET THEIR BURDEN OF PROOF PURSUANT TO *5 DCMR 3030.3*.  HENCE, PLAINTIFFS ARE A "PREVAILING PARTY."**

Pursuant to the **REQUEST FOR HEARING** filed on February 1, 2005, plaintiffs describe the nature of the problem in their petition as, *inter-alia:*

    DCPS violated *34 C.F.R. Sec. 300.125 CHILD FIND*, and thus
    denied this child *FAPE* pursuant to the *IDEA*.  *See*, Exhibit # 1.

In the remedy section of the **REQUEST FOR HEARING**, plaintiffs demanded a

1

psycho-educational evaluation and other assessments pursuant to *34 C.F.R. § 300.320 et seq.*

As documentary evidence to substantiate defendants' violation of *CHILD FIND*, and the demand for *INITIAL EVALUATIONS,* plaintiffs filed academic and school records of the minor pursuant to *34 C.F.R. § 300.509 (a) (3). See,* Exhibit # 2. To further substantiate defendants' violation of case, plaintiffs filed a **PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY JUDGMENT** on February 20, 2005. *See,* Exhibit # 3.

Next, as a matter of law once plaintiffs assert a *CHILD FIND* violation and demand for *INITIAL EVALUATIONS*, in turn pursuant to *5 DCMR 3030.3* the defendants bear the burden of proof based solely upon their evidence and testimony presented at the hearing that their action is adequate to meet the educational needs of the student. The transcript is clear that defendants presented **no** evidence and testimony whatsoever that their action was adequate to meet the educational needs of the student. Absolutely nowhere in the transcript or the entire administrative record below is there any evidence or testimony presented by defendants that their actions were adequate to meet the educational needs of the child pursuant to *5 DCMR 3030.3.* The entire case presented by defendants at the hearing was an allegation of conflict of interest against plaintiffs' attorney, which they eventually lost at the administrative stage below, *to wit:*

> MS. WHITMAN-RUSSELL: The preliminary matter, actually, is a motion to dismiss this entire matter and others one, too, because of a conflict of interest. *See,* Transcript at p. 15.

The hearing officer was obligated to judicially notice *5 DCMR 3030.3* and determine if defendants presented any evidence and testimony that their action was adequate to meet the educational needs of the student. Insofar as defendants presented no evidence and testimony that their action was adequate to meet the educational needs of the student, defendants failed their burden of proof pursuant to *5 DCMR 3030.3* and plaintiffs are "a prevailing party" for *CHILD FIND, 34 C.F.R. § 300.125 et seq., INITIAL EVALUATIONS, 34 C.F.R. § 300.320 et seq.,* and Compensatory Education.

Consequently, pursuant to *5 DCMR 3030.3* plaintiffs were a "prevailing party" and the hearing officer violated *5 DCMR 3030.3*.

## II.   THE TRANSCRIPT AND ADMINISTRATIVE RECORD CLEARLY ILLUSTRATE THAT **NO** SETTLEMENT AGREEMENT WAS CONSUMMATED BY THE PARTIES.

Defendants incorrectly stated that "in this case, the administrative proceeding initiated by the Plaintiff was resolved by a voluntary settlement between the parties." *See, Defendant's Opposition To Plaintiff's Motion For Summary Judgment, p. 3.* Nowhere do the defendants cite from the transcript language to verify this erroneous proposition, and the reason is because there was **never** a settlement consummated by the parties and articulated into the transcript. The language from the transcript is clear that the parties **never** consummated a settlement, *to wit:*

>MS. WHITMAN-RUSSELL:   I entered into no settlement.

>HEARING OFFICER ST. CLAIR:   No. He didn't say that. What he said was it was settlement negotiations. *See,* Transcript at p. 11.

The attorney Ms. Whitman-Russell for the defendants at the administrative hearing made it abundantly clear on the record that the defendants **entered into no settlement.**

3

Therefore, the aforementioned representation by defendants' counsel *sub judice* that the parties consummated a voluntary settlement is **false**, misleading and flat out untrue!

Furthermore, nowhere in the record is there a signed *IDEA* settlement between the parties and the reason is because the parties **never** consummated a written settlement agreement. Wherefore, defendants' argument that plaintiffs settled this case at the administrative level is without merit and **false**. The DCPS attorney at the administrative hearing further asserted the government's **strong** opposition to settlement negotiations by stating:

> MS. WHITMAN-RUSSELL:    There have been no settlement negotiations. *See,* Transcript at p. 12.

Next, defendants incorrectly rely upon an erroneous legal proposition of the Hearing Officer and argue that "indeed, the March 24, 2005, *HOD* specifically observed (at p. 2) that '[e]xcept as to the issue of conflict of interest, this matter was noted as SETTLED, without a prevailing party."[1] It is illogical for the *HOD* to grant plaintiffs' demanded remedies articulated in the hearing petition, then turn around and characterize plaintiffs as "not a prevailing party." The following language from the transcript illustrates "plaintiff as a prevailing party, *to wit:*

> MR. HOWELL:    Well also, what Child Find does require is that the District of Columbia is obligated to evaluate the child.
>
> HEARING OFFICER ST CLAIR:    We're going to get that done.
>
> MR. HOWELL:    Right. I would like to bring to your attention the particular rule I had here relative to evaluations, which is very important,

---

[1] *See,* Defendant's Opposition To Plaintiff's Motion For Summary Judgment at p. 3

4

and that is Rule 300.320, and that is evaluation

What I want and what is crucial here for Delonte, because he has flunked twice and is about to flunk a third time, and that is, we would like to have a psycho-educational evaluation straightaway.

HEARING OFFICER ST. CLAIR:   Mr. Howell, that is almost routine. I mean, on precedent, the child is going to be given a psycho-educational and the psycho-educational evaluator gives a preliminary screen for whether or not there should be a clinical, and then the clinical may be directed to why he is fighting or having those types of problems. *See* Transcript at pp. 39-40.

Analysis of the foregoing transcript language illustrates that plaintiffs have succeeded in realizing some of the benefits sought in their litigation. Therefore, "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Nadeau v. Helgemoe, 581 F.2d 275, at pp. 278-279 (1st Cir. 1978), quoted with approval in Hensley v. Eckerhard, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); see Moore v. District of Columbia, 674 F.Supp 901, at p.904 (D.D.C. 1987) (finding that plaintiffs were "prevailing parties") rev'd on other grounds, 886 F.2d 335 (D.C. Cir. 1989).* For the foregoing reasons, the hearing officer's logic makes no sense.

How can a party prevail on the merits and not be a "prevailing party." Moreover, no where in the administrative record is there a signed *IDEA* agreement between the parties, nor is there a settlement agreement consummated by the parties in the hearing

transcript. Indeed, as aforementioned, the attorney for defendants at the administrative hearing stated on the record that "I entered into no settlement."[2] Therefore, the Hearing Officer's logic is an oxymoron, and unsupported by the *IDEA, 20 U.S.C. § 1400, et seq.,* and *34 C.F.R. Part 300 et seq.,* and federal precedent

### III.  THE TRANSCRIPT IS VERY CLEAR THAT HEARING OFFICE ST. CLAIR *SUA SPONTE* RAISED THE ISSUE OF ATTORNEY FEES. MOREOVER, PURSUANT TO THE *IDEA* HE HAD ABSOLUTELY NO LEGAL AUTHORITY TO RAISE ANY ISSUE CONCERNING ATTORNEY'S FEES.

During the hearing it was Hearing Office St. Clair who *sua sponte* raised the legal issue of attorney's fees. It was absolutely **only** Hearing Officer St. Clair who *sua sponte* raised the issue of attorney's fees, and the record is **very** clear. At no time did counsel for DCPS, Ms. Whitman-Russell, recommend, raise or even utter attorney's fees as an initial defense. Indeed, Ms. Whitman-Russell's argument was conflict of interest. *See,* Transcript at p. 15. The following legal proposition articulated in the transcript by Hearing Officer St. Clair to consider attorney's fees is *prima facie* evidence of violation of *20 U.S.C. § 1415 (i) (3) (B),* and *34 C.F.R. § 300.513 et seq., to wit:*

> THE HEARING OFFICER:  I'll tell you what we can do, Mr. Howell. We can go forward on the merits if you waive your claim to attorney's fees. We can go right forward and if you waive your claim to attorney's fees, we can go right forward on the merits. Otherwise, I will give you a chance to resolve this conflict interest, and then we'll go on the merits, because the conflict, as I see it, is only for attorney's fees. *See,* Transcript at p. 33.

The above offer was *sua sponte* made and fashioned by Hearing Officer St. Clair

---

[2] *See,* Transcript at p. 11.

6

*per se.* As a matter of law a hearing officer never has the right to address any issue concerning attorney's fees in *IDEA* matters. *See, e.g. Zipperer v. School Bd. Of Seminole County,* 23 IDELR 19 (M.D. Fla. 1995); *New Haven Bd. Of Educ.,* 20 IDELR 42 (SEA Conn. 1993); *Mathern v. Campbell County Children's Center,* 1987-88 EHLR 559:273 (D. Wyo. 1987). As aforementioned the hearing officer violated federal statute, federal regulation and federal common law, but also *5 DCMR 3032.1 which provides:*

> In an action or proceeding under this Chapter, courts may award parents reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.

Pursuant to *5 DCMR 3032.1* the hearing officer was prohibited from considering any issue considering attorney's fees. In regard to *IDEA* cases in the District of Columbia, only courts may address attorney's fees. Therefore, the hearing officer violated *5 DCMR 3032.1.*

### IV. THE RECORD IS CLEAR THAT HEARING OFFCER ST. CLAIR VIOLATED THE ATTORNEY-CLIENT PRIVILAGE.

In violation of federal statute, federal regulation, federal common law, and District of Columbia law the hearing officer stated:

> HEARING OFFICER ST. CLAIR: I'll tell you what we can do, Mr. Howell. We can go forward on the merits if you waive your claim to attorney's fees. We can go right forward if you waive your claim to attorney's fees, we can go right forward on the merits. . . . *See,* Transcript at p. 33.

Not only did Hearing Officer St. Clair openly raise the issue of attorney's fees in front of plaintiff and plaintiff's attorney, but also stated he was providing plaintiff and her attorney time to talk about the attorney's fees, *to wit:*

7

>HEARING OFFICER ST. CLAIR: Fine. I'm going to give you a chance to talk with your client. Maybe you want to talk with your client, but I want to make sure you understand what I'm offering.
>
>I'm saying this. *See*, Transcript at p. 34.

By Hearing Officer St. Clair's own admission on the record he concludes "I'm saying this" on attorney's fees and attorney-client discussions. This was a violation of the attorney-client relationship. *See, States v. Network Software Associates, et al., 217 F.R.D. 240, 244 (2003).* Moreover, pursuant to the *IDEA* a parent's ability to competent representation would be compromised if hearing officers could meddle with attorney's fee contracts. *See, Egg Harbor Township Bd. Of Educ. v. S.O., 19 IDELR 15 (D.N.J. 1992).* The court in *Egg Harbor Township* reasoned that a parent's ability to secure competent representation would be frustrated if an attorney's right to collect an appropriate fee in a case in which the parent prevailed was limited by the accommodations the attorney made for reduced payment in those cases in which the parents do not prevail.

**V.    WHERE THE HEARING OFFICER LACKED JURISDICTION TO CONSIDER ATTORNEY'S FEES PURSUANT TO *20 U.S.C.§ 1415 (i) (3) (B), 34 C.F.R. § 300.513 et seq., 5 DCMR 3032.1* AND FEDERAL COMMON, HE WAS BARRED FROM CONSIDERING ANY ISSUE CONCERNING ATTORNEY'S FEES. THUS, PLAINTIFFS' COUNSEL DID NOT WAIVE FEES.**

The actions of Hearing Officer St. Clair to offer plaintiffs' counsel a deal on fees are null and void because he lacked jurisdiction to consider <u>any</u> issue regarding attorney's fees. *See, 20 U.S.C. § 1415 (i) (3) (B) and 34 C.F.R. § 300.513 et seq.,* and also *5 DCMR 3032.1.*

Hearing officers lack jurisdiction to consider any issues whatsoever regarding attorney's fees. *See, e.g. Zipperer v. School Bd. Of Seminole County,* 23 IDELR 19 (M.D. Fla 1995); *New Haven Bd. Of Educ.,* 20 IDELR 42 (SEA Conn. 1993); *Mathern v. Campbell County Children's Center,* 1987-88 EHLR 559:273 (D. Wyo. 1987). Consequently, pursuant to federal common law the actions of Hearing Officer St. Clair to offer plaintiff's counsel a deal on fees are null and void because he lacked jurisdiction to consider **any** issue regarding attorney's fees.

Wherefore, the argument of defendants' that plaintiff's counsel waived the right to fees is as a matter of law without legal merit.

## VI. THE DOCUMENTARY EVIDENCE IS CLEAR THAT PLAINTIFFS FILED A REQUEST FOR HEARING.

Plaintiffs request that this Honorable Court take **judicial notice** of the actual hearing request documents filed on February 1, 2005 before the Student Hearing Office. On page 1 at the very top of the administrative form, the DCPS Hearing Office requests that the party check the type of action. Within the box at the top of the page plaintiffs checked **"I REQUEST A HEARING."** Furthermore, plaintiff next underlined **"I REQUEST A HEARING."** *See,* Exhibit # 1, at p. 1. The record is therefore clear that plaintiffs filed an official hearing request. Hence, the hearing officer's characterization that plaintiffs requested a Mediation/Hearing is wrong! There was never a request for any mediation!

## VII. CONCLUSION

**For the foregoing reasons, defendants' motion for summary must be denied.**

**WHEREFORE, for the reasons set forth herein, the plaintiffs' motion for summary disposition must be GRANTED.**

> /s/ Roy Carleton Howell
> Roy Carleton Howell (415142)
> 8003 Parkside Lane, NW
> Washington, D.C. 20012
> (202) 545-0755 – office
> (202) 545-0750 – home

October 25, 2005