UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA WRIGHT, <br> Parent and Next Friend of D.W. <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br> A municipal corporation <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 05-0990 (RWR) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

Defendant the District of Columbia, by and through counsel, herein replies to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, filed September 28, 2005 ("Opposition").

As stated within the Defendant's Motion for Summary Judgment, the Plaintiff here is not entitled to attorney's fees stemming from the Impartial Due Process Hearing on March 9, 2005, because there was a settlement with **no prevailing party**. *See* Impartial Due Process Hearing, Interim Order, dated 3/24/05.   Moreover, as now settled in this jurisdiction, resolution of the administrative proceedings by a voluntary settlement agreement precludes a determination that the Plaintiff was a prevailing party, which in turn precludes any award of attorney's fees under IDEA. *See* pp. 6-7 of Defendant's Memorandum in support of its Motion for Summary Judgment.  This is dispositive of the instant matter, and the arguments presented by the Plaintiff are wholly immaterial at this point, pursuant to case law and Section 1415(i)(3)(B)(i) of IDEA.

Within the Opposition, Plaintiff argues that "Congress vested federal courts with the statutory authority to consider issues of attorney's fees in regard to the IDEA," but fails to comprehend that the Court cannot even get to that issue, as it has already been determined under the strictures of IDEA. *See* Opposition, p. 1. The clear and unequivocal language within IDEA states that "any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs – to a prevailing party who is the parent of the child with a disability." *See* Section 1415(i)(3)(B)(i) of IDEA. Here, as explicitly stated on p. 2 of the March 24, 2005, HOD, there was no prevailing party as the Plaintiff accepted the District's offer of settlement. Plaintiff's arguments that the Court has authority to consider attorneys' fees and that a Hearing Officer cannot address attorneys' fees completely misses the point that attorney's fees are not up for consideration as Plaintiff was not a prevailing party.

Elsewhere within Plaintiff's Opposition is the novel argument that Plaintiff must be considered a "prevailing party" since he succeeded on a significant point of litigation. *See* Opposition at p. 3. Plaintiff cites dated case law to support his position, but fails to address the recent holdings of *Smith v. District of Columbia*, No. 03-7130 (D.C. Cir. Dec. 3, 2004); *Alegria v. District of Columbia*, 2004 U.S. App. Lexis 25138 (D.C. Cir. 2004) (citing *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)), which clearly state that "plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not 'prevailing parties' entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. 1415(i)(3)(B)." *See Smith v. District of Columbia*, Judgment at p. 2. The March 24, 2005, HOD reflects that a settlement was indeed reached:

> The Attorney-Advisor stated that DCPS was prepared to convene a MDT/SEP meeting. * * * When the hearing reconvened, Counsel for the Parent accepted the MDT/SEP and waived attorneys' fees

See March 24, 2005, HOD at p. 1.

Accordingly, it is clear that the term "settled without a prevailing party" is not an "oxymoron" as the Plaintiff alleges, but a true and accurate reflection of the proceeding, as there was no decision rendered on the merits by the Hearing Officer in the administrative hearing.

Plaintiff's remaining arguments, regarding the Hearing Officer's authority to inquire into attorneys' fees and the suggestion of waiving fees, are without significance, in light of the above of prevailing party status.  Furthermore, and as highlighted within the District's Motion for Summary Judgment (pp.10-11), there was no *sua sponte* inquiry into attorney's fees, as the issue was prompted by a motion by the Attorney-Advisor for DCPS.  Lastly, as it is abundantly clear from the record, counsel for Plaintiff made a knowing waiver of fees on the record.  "So, consequently, I will forfeit my attorney's fees.  I am here for the benefit of the child."  *See* Transcript at p. 38.

## CONCLUSION

WHEREFORE, Defendant requests that its Motion for Summary Judgment be granted in the respects set forth in the Motion herein.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General of the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division

|  |  |
|---|---|
|  | **/s/ Edward P. Taptich**<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section 2 |
|  | **/s/ Damon A. Pace**<br>DAMON A. PACE [#451351]<br>Assistant Attorney General<br>441 Fourth Street, N.W., Sixth Floor South<br>Washington, D.C. 20001 |
| November 3, 2005 | (202) 724-7794 |