**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                  )
**PATRICIA WRIGHT,**              )
                                  )
       **Plaintiff,**       )
                                  )
       **v.**               )    **Civil Action No. 05-0990 (RWR)**
                                  )
**DISTRICT OF COLUMBIA,**         )
                                  )
       **Defendant.**       )
_____ )

<u>MEMORANDUM OPINION</u>

Plaintiff Patricia Wright filed this action against the District of Columbia ("the District") under the Individuals with Disabilities Education Act ("IDEA" or "the Act"), 20 U.S.C. §§ 1400 et seq., challenging a hearing officer's determination that she was not a prevailing party in an administrative hearing below and that her counsel waived attorney's fees for that hearing. Both parties moved for summary judgment. Because Wright has not shown that she was a prevailing party and that her counsel did not waive attorney's fees, her motion for summary judgment will be denied and the District's motion for summary judgment will be granted.

<u>BACKGROUND</u>

Wright's child D.W. is a student enrolled in the District of Columbia Public Schools ("DCPS"). Wright requested a hearing with a DCPS hearing officer alleging that DCPS denied her child a

- 2 -

free and appropriate public education ("FAPE"), violating
regulations under IDEA requiring that school districts identify,
locate, and evaluate all children with disabilities for special
education services.  (Pl.'s Mot. Sum. J., Pl.'s Stmt. of Mat.
Facts ("Pl.'s Stmt.") at ¶ 3.)  At the hearing, the District
moved to dismiss because of a conflict of interest, given that
Wright's counsel, Roy Howell, was a substitute teacher at the
DCPS school that Wright's child attended.  (Id. at ¶ 8.)  The
hearing officer was unwilling to decide the merits of the case
with the possible conflict present.  (Pl.'s Mot. for Summ. J.,
Ex. 5 at 31.)  Concerned that a delay in addressing the merits
would affect the student's best interests, the hearing officer
suggested that Howell forego attorney's fees to resolve the
conflict of interest.[1]  He allowed Howell to choose between (1)
foregoing attorney's fees and continuing a discussion on the
merits, or (2) briefing the conflict at issue and turning to the
merits only after the conflict issue was decided.[2]  Howell agreed

---

[1]     HEARING OFFICER ST. CLAIR: I'll tell you what we can do,
        Mr. Howell.  We can go forward on the merits if you waive
        your claim to attorney's fees.  We can go right forward and
        if you waive your claim to attorney's fees, we can go right
        forward on the merits.  Otherwise, I will give you a chance
        to resolve this conflict [of] interest, and then we'll go on
        the merits, because the conflict, as I see it, is only for
        attorney's fees.
        (Pl.'s Mot. for Summ. J., Ex. 5 at 33.)

[2]     HEARING OFFICER ST. CLAIR: That if you waive attorney's
        fees, I mean, the conflict is no good, but if you want to
        insist on attorney's fees, then I [am] going to have to

- 3 -

to forfeit his attorney's fees.[3]  Despite accepting Howell's

waiver, the hearing officer remained wary about the implications

of Howell's continued representation[4] and required briefs on the

conflict of interest issue.[5]

     At some time before a recess in the hearing ended, the

parties agreed that DCPS would convene a multi-disciplinary team

and student evaluation plan ("MDT/SEP") meeting for Wright's

child.  (Pl.'s Mot. for Summ. J., Ex. 5 at 48-49; Ex. 2 at 2.)

The hearing officer issued an order stating that the matter of

---

     decide this conflict thing, and I want that brief.
     (Id. at 35.)

[3]     MR. HOWELL:  Well, Judge, insofar as I want the best for
     this little boy, and my client is indigent and I think that
     the little boy deserves to have a break.  So, consequently,
     I will forfeit my attorney's fees.  I am here for the
     benefit of the child.
     (Id. at 38.)

[4]     He feared, for example, that if the parties held a meeting
that produced results unsatisfactory to Wright, Howell would
return seeking a further hearing for which he would seek fees.
See id. at 40-41, 45.  The record does not reflect that any
further hearing occurred.

[5]     HEARING OFFICER ST. CLAIR: I'll tell you what.  Here is what
     you can do.  For this matter, for this matter here, you are
     waiving your attorney's fees.
     MR. HOWELL:  If the little boy gets -- if the case is over.
     That's all I want.
     . . .
     HEARING OFFICER ST. CLAIR: The conflict is still
     there. . . .  If you do not step aside in your
     representation on this, that is, if you foresee the
     possibility of coming back here representing Ms. Wright,
     then I think I'm going to have to make a decision on this
     conflict of interest.
     (Id. at 40-41.)

- 4 -

the FAPE challenge was "SETTLED without a prevailing party."
(Pl.'s Mot. for Summ. J., Ex. 2 at 3.)

Wright now seeks attorney's fees, contending that she is a
prevailing party and that Howell did not waive his right to fees.
(Pl.'s Stmt. at ¶¶ 11-12, 14.)[6]  Instead, Wright asserts that
Howell agreed only to submit a brief on the conflict issue to
determine whether attorney's fees could be granted.  (Id. at
¶ 15.)  The District filed a cross-motion for summary judgment
asserting that Wright is not entitled to attorney's fees because
she is not a prevailing party and Howell waived his right to
attorney's fees.

DISCUSSION

Summary judgment may be granted when there is no genuine
issue of material fact and the moving party is entitled to
judgment as a matter of law.  See Fed. R. Civ. P. 56.  A court
may enter summary judgment "against a party who fails to make a
showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear
the burden of proof at trial."  Celotex Corp. v. Catrett, 477
U.S. 317, 322 (1986).  Material facts are those "that might
affect the outcome of the suit under the governing law."

---

[6]    Wright also challenges how the hearing officer handled the
question of whether her administrative motion had sought
mediation or a hearing.  (Pl.'s Mot. for Summ. J., Ex. 6 at 2.)
That issue has no bearing on the disposition of the pending
summary judgment motions.

- 5 -

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)
(stating that there is a genuine issue of material fact if the
evidence is such that a reasonable jury could return a verdict
for the non-moving party).

IDEA "ensure[s] that all children with disabilities have
available to them a free appropriate public education that
emphasizes special education and related services designed to
meet their unique needs and prepare them for further education,
employment, and independent living."  20 U.S.C. § 1400(d)(1)(A).
IDEA allows parents to file administrative complaints and request
due process hearings "with respect to any matter relating to the
identification, evaluation, or educational placement of the
child, or the provision of a free appropriate public education to
such child."  20 U.S.C. § 1415(b)(6)(A).

"When reviewing a hearing officer's decision in an IDEA
case, a district court shall review the administrative record,
hear additional evidence if so requested by the parties, and,
based 'on the preponderance of the evidence, shall grant such
relief as the court determines is appropriate.'"  <u>Skrine v. Dist.
of Columbia</u>, Civil Action No. 05-861, 2007 WL 915227, at *2
(D.D.C. Mar. 27, 2007) (quoting 20 U.S.C. § 1415(i)(2)(C)).  "[A]
party challenging the administrative determination must at least
take on the burden of persuading the court that the hearing

- 6 -

officer was wrong[.]"  Kerkam v. McKenzie, 862 F.2d 884, 887
(D.C. Cir. 1988).

I.  PREVAILING PARTY

    IDEA allows a court, in its discretion "to award reasonable
attorney's fees as part of the costs to a prevailing party who is
the parent of a child with a disability[.]"  20 U.S.C.
1415(i)(3)(i)(1).  In order to be deemed a prevailing party, a
plaintiff must demonstrate that a "material alteration of the
legal relationship of the parties" resulted from an enforceable
judgment on the merits or from a consent decree.  Buckhannon Bd.
& Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532
U.S. 598, 604 (2001) (interpreting the fee-shifting provision of
the Fair Housing Amendments Act of 1988 and the Americans with
Disabilities Act of 1990); see also Alegria v. Dist. of Columbia,
391 F.3d 262, 263 (D.C. Cir. 2004) (applying Buckhannon to IDEA).
A prevailing party at the administrative level may then seek
attorney's fees.  Kaseman v. Dist. of Columbia, 444 F.3d 637, 639
(D.C. Cir. 2006).  "Under the IDEA, it is only for the federal
court -- not the hearing officer -- to determine whether a party
has achieved prevailing party status."  Skrine, 2007 WL 915227,
at *4 (citing 20 U.S.C. § 1415(i)(3)(B)).  However, a hearing
officer's decision on the merits in an IDEA proceeding
"constitute[s] 'administrative imprimatur'[,]" which while not
judicial, does change the legal relationship between the parties.

- 7 -

<u>A.R. v. N.Y. City Dep't of Educ.</u>, 407 F.3d 65, 76 (2d Cir. 2005).
"In order to give effect to the IDEA's intent to permit awards to
winning parties in administrative proceedings even where there
has been no judicial involvement, . . . we conclude that the
combination of administrative *imprimatur*, the change in the legal
relationship of the parties arising from it, and subsequent
judicial enforceability, render such a winning party a
'prevailing party' under <u>Buckhannon</u>'s principles."   <u>Id.</u>

Wright submits that despite the hearing officer's statement
that there was no prevailing party, the outcome of the hearing
resulted in the hearing officer ordering the District to evaluate
her child in preparation for special education assessment.
(Pl.'s Mot. for Summ. J., Ex. 5 at 39 ("Mr. Howell: 'The District
of Columbia is obligated to evaluate the child.'  Hearing
Officer: 'We're going to get that done.'"), 45 ("Hearing Officer:
'Here is what I am going to do.  Ms. Wright, I am going to make
sure that Delonte is evaluated.'").)  She maintains that the
hearing officer provided relief, which was the evaluation that
she says she requested, establishing her as the prevailing party
because it changes her legal relationship vis-a-vis the District.
(<u>Id.</u> at 39, 45 ("Mr. Howell: '[W]e would like to have a psycho-
educational evaluation straightaway . . . .  [A]ll I want is for
them to meet and to evaluate the child.'").)

- 8 -

However, the hearing officer made plain that he would not
and could not order a psycho-educational evaluation.  (Id. at
52.)  Moreover, the hearing officer's order contained no language
providing any relief on the FAPE dispute and did not produce a
change in the legal relationship between the parties.  While the
hearing officer stated in the middle of the hearing that an
evaluation would be conducted (Pl.'s Mot. for Summ. J., Ex. 5 at
39), the hearing officer ultimately announced after a brief
recess his "understand[ing] that the parties have agreed that an
MDT meeting, MDT/SEP, student evaluation plan, is going to take
place."  (Pl.'s Mot. for Summ. J., Ex. 5 at 48-49.)  See
Buckhannon, 532 U.S. at 605 ("A defendant's voluntary change in
conduct, although perhaps accomplishing what the plaintiff sought
to achieve by the lawsuit, lacks the necessary judicial
imprimatur on the change."); Abraham v. Dist. of Columbia, 338 F.
Supp. 2d 113, 120 & n.8 (stating that the mere mention in a
hearing officer's decision that the parties reached an agreement
is insufficient by itself to convert an IDEA claimant into a
prevailing party at the administrative level).  He left it to the
parties to set the meeting date, did not make any final merits
determinations on the record, and issued an order that contained
no direction that DCPS take or refrain from any action.  See
Adams v. Dist. of Columbia, 231 F. Supp. 2d 52, 56 n.4 (D.D.C.
2002) (contrasting "a final determination by a hearing officer

- 9 -

[that] materially alters the relationship between the parties:
that is, [where] the hearing officer's order represents judicial
relief"); Abraham, 338 F. Supp. 2d at 120 n.8 (stating that
"[f]or an IDEA claimant to be a 'prevailing party,' the [hearing
officer] must order DCPS to undertake or refrain from some
conduct consistent with the statute").  The order did not
incorporate the parties' agreement, see id. at 120, or provide
for any continuing administrative or judicial oversight of its
terms in the way consent decrees do.  See Buckhannon, 532 U.S. at
604 n.7.  The unambiguous language of the order, declaring the
matter settled, leaves no doubt that there was not even any
intent to award relief to the plaintiff.  See Skrine, 2007 WL
915227, at *4 (noting that "[a] plaintiff is deemed to have
prevailed at the administrative level where the hearing officer's
*decision* awarded plaintiff 'relief on the merits'") (quoting
Abraham, 338 F. Supp. 2d at 120 & n.8 (D.D.C. 2004) (emphasis
added)).

        Because there was no alteration in the legal status of the
parties ordered, Wright has not shown that she is entitled to
prevailing party status.

II.  FEE WAIVER

        Wright's failure to demonstrate prevailing party status is
but one hurdle that she has not overcome.  She has not shown that
her counsel did not waive his right to attorney's fees for the

- 10 -

hearing.  Howell clearly announced that he would forfeit his
attorney's fees, and the hearing officer affirmed that "[f]or
this matter here, you are waiving your attorney's fees."  (Pl.'s
Mot. for Summ. J., Ex. 5 at 38, 40-41.)  After the hearing
officer indicated his intent to require briefs in addition,
Howell did not protest or retract his waiver.  Indeed, the
hearing officer continued to make comments throughout the
proceeding suggesting that the waiver was still in effect
throughout that hearing and might end only if DCPS denied the
evaluative relief Wright sought after the MDT/SEP meeting.[7]
Howell did not attempt to correct the hearing officer on the
waiver issue.  "Failure to contest an assertion . . . is
considered evidence of acquiescence only if it would have been
natural under the circumstances to object to the assertion in
question."  United States v. Hale, 422 U.S. 171, 176 (1975); see
Turkmani v. Rep. of Bolivia, 273 F. Supp. 2d 45, 53 (D.D.C. 2002)
("A party who sits in silence acquiesces at his own peril."
(internal quotation omitted)).  Given that the hearing officer
repeatedly stated that Howell had waived his fees and Howell did

---

[7]    HEARING OFFICER ST. CLAIR: I am going to call for
       briefs. . . .  And I think I should do this, because
       Mr. Howell may want to come back.  If something happens
       later on and he wants to come back, *and this time he is*
       *probably going to want to get paid*, assuming he can
       establish a denial.
       (Pl.'s Mot. for Summ. J., Ex. 5 at 45) (emphasis added).

- 11 -

not object where it would have been natural to do so had Howell
not intended to waive, he has acquiesced in the declared waiver.

No genuine issue of material fact exists as to the absence
of an order altering the parties' legal relationship and as to
Howell's waiver of attorney's fees, and the District is entitled
to summary judgment.

<u>CONCLUSION</u>

Because Wright is not a prevailing party, she does not
qualify for attorney's fees under IDEA's fee-shifting provision.
Moreover, Wright's counsel waived his attorney's fees and cannot
claim fees under IDEA's fee-shifting provision.  Accordingly,
summary judgment will be entered in favor of the District.  A
separate Order accompanies this Memorandum Opinion.

SIGNED this 17th day of April, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge